### HENDERSON v. BENNETT.

1. JURISDICTION—DAMAGES—TRESPASS.—An action for damages for trespass upon real property is properly triable in the county where the land lies, without respect to the residence of defendants.

2. EVIDENCE—IBID.—IBID.—Under answer of general denial to action for damages for trespass on real property, evidence in justification of acts of trespass is not admissible, but evidence under such plea is admissible to show that the entry was under claim of right to negative wilfulness and wantonness.

Before BENET, J., Bamberg, May, 1899.   Affirmed.

Action by Rosa L. Henderson and others against Abe Bennett and others.   From verdict for plaintiffs and judgment thereon, defendants appeal.

*Messrs. Robt. Aldrich* and *W. D. Bennett,* for appellant, cite: *On first question:* 153 N. Y., 428; 105 Cal., 680; 98 Cal., 644; Code, 146; 17 W. Va., 1; 31 W. Va., 142; 26 S.

C., 480. *On the second question:* 38 S. C., 529; 2 Bail., 104; 3 McC., 66; 2 Rich., 401; 38 S. W. R., 133.

*Messrs. Izlar Bros., Allen & Kirkland,* and *S. G. May-field,* contra, cite: *On first question:* Code, 144; 16 S. C., 276; 22 S. C., 276; 25 S. C., 385. *On the second question:* Rice, 64; 9 Rich., 389; 2 Rich., 539; 3 Strob., 470; 2 Bail., 104; 2 N. & McC., 38; 6 Rich., 72. *Action may be maintained for damages for disseizin itself:* 3 McC., 421; 2 N. & McC., 338; 46 Am. Dec., 154; Harp., 432; 3 McC., 66; 2 Bail., 104; Rice, 375. *As to exemplary damages:* 14 Rich., 237; 2 Bay, 416; Dud., 92.

May 11, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. The Circuit Court having rendered judgment for damages for the trespasses alleged in the complaint, it is now sought to reverse the same on exceptions which raise practically two questions: 1. Whether the Circuit Court had jurisdiction to try this case in Bamberg County, when the defendants all reside in Colleton County? 2. Whether in an action for trespass on real estate the defendant under a mere general denial may introduce evidence in justification of the entry?

As to the first question, we think the Court had jurisdiction. It is true, that the defendants all reside in Colleton County, but section 144 of the Code of Civil Procedure provides that actions "for the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property," "must be tried in the county in which the subject of the action, or some part thereof, is situated, &c." The Circuit Court correctly construed the allegations of the complaint as falling under this provision, and it is not disputed that the land upon which the trespasses were alleged to have been made is situated in Bamberg County where the case was tried.

On the second question presented, we agree also with the Circuit Court. The action was like the old action of trespass, *quare clausum fregit.* The answer was a general denial. Under this plea, defendants sought to introduce in evidence a warrant issued by a magistrate against the plaintiff, Rosa L. Henderson, to eject her from said premises, in justification of the acts complained of. This evidence was excluded as matter of justification of the alleged trespass on the ground that such evidence was inadmissible under a general denial. Under the Code, the answer must contain: (1) a general or specific denial; (2) a statement of any new matter constituting a defense or counter-claim. Under a general denial, only those facts which tend to negative or disprove the material allegation of the complaint are admissible. In this case the general denial contested the facts alleged, but the evidence offered was not in disproof of such allegations, but was in the nature of a confession and avoidance, an independent defense, which constituted new matter, and ought to have been specially pleaded. 1 Ency. Pl. & Pr., 845. It follows that there was no error in excluding all evidence tending to justify the acts complained of. While so ruling, the Circuit Court nevertheless allowed the defendants to introduce, under their plea of general denial, all testimony offered, tending to show that their entry upon said premises was under a claim of right, that they believed they had a right to enter lawfully, and that certain of them were pressed in as a posse, as testimony in mitigation of damages, as such testimony would tend to negative the allegations that the conduct of the defendants was wilful and wanton.

The judgment of the Circuit Court is affirmed.