## POTOMAC MILLING & ICE CO. v. BALTIMORE & O. R. CO.

(District Court, D. Maryland. November 2, 1914.)

1. PLEADING (§ 104*)—PLEA—DEMURRER.

Where plaintiff sued in a federal court in Maryland to recover damages for the destruction of buildings and various articles of personal property by a fire negligently set out by defendant railroad company in West Virginia, a plea to the jurisdiction, that the land in question was located in West Virginia, and that the court had no jurisdiction in the premises, did not meet the entire case, and was therefore demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. § 104.*]

2. COURTS (§ 269*)—JURISDICTION—"TRANSITORY ACTION."

An action to recover for the value of personal property destroyed is transitory, and may be brought in a federal court in a state other than that in which the property was situated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.*

For other definitions, see Words and Phrases, First and Second Series, Transitory Action.]

3. **Courts (§ 7\*)—Jurisdiction—Local or Transitory Action—What Law Governs.**

In determining whether an action is local or transitory, the law of the forum governs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. § 7.\*]

4. **Courts (§ 269\*)—Jurisdiction—Local or Transitory Action—Injury to Real Property.**

An action for the destruction of buildings in West Virginia by a fire set out by defendant railroad company was local in character, for trespass on real property; and, defendant being present and subject to suit in West Virginia, the action could not be maintained in a federal court sitting in Maryland.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.\*]

At Law. Action by the Potomac Milling & Ice Company against the Baltimore & Ohio Railroad Company. On demurrer to defendant's plea to the jurisdiction. Sustained.

·Walter C. Capper, of Cumberland, Md., Harry G. Fisher, of Keyser, W. Va., and Albert A. Doub, of Cumberland, Md., for plaintiff.

George A. Pearre, of Cumberland, Md., for defendant.

ROSE, District Judge. The plaintiff is the owner of land in West Virginia. Its declaration alleges that some of the buildings on such land, together with various articles of personal property therein, were destroyed by fire which had been caused by sparks which defendant had negligently permitted to escape from one of its locomotives. To recover for the damage thus done this suit is brought.

[1] Defendant has pleaded that the land in question is in ·Mineral county, in the state of West Virginia, and that this court has, therefore, no jurisdiction in the premises. To this plea the plaintiff demurs. As the declaration states that personal property of value belonging to plaintiff was destroyed, the plea does not meet the entire case, and the demurrer to it will, therefore, on that ground have to be sustained. · The parties have, however, fully argued the question as to whether this court has jurisdiction to entertain the suit, so far as it seeks to recover for damage to the real property; and as that question will have to be decided at some stage of the proceedings, it might as well be passed on now.

[2] Defendant contends that a suit for injury to real property is a purely local action and cannot be maintained in any court whose writ will not run into the county in which the land lies. When an action of trespass was a semi-criminal proceeding, there was good reason to require that redress for it be sought where the wrong was done. Any proceeding which may require the officers of the court to put somebody either in or out of possession of the land must necessarily be instituted in a tribunal which can give such relief. Something, perhaps, may be said for denying to other than local courts jurisdiction over any action in which the title to land or the right to its possession is one of the questions in dispute. The rule invoked by the defendant, when extended beyond the limits named, is purely arbitrary.

---

.\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this particular case the fire which burned the buildings consumed personal property. There is no question that this court may properly entertain a suit to recover for the value of the latter.

The defendant's responsibility for the damage to buildings will depend on precisely the same state of facts as that which will determine its responsibility for the destruction of the chattels. In short, the substantial issues involved and the testimony. by which they are to be supported will be the same with reference to the real and the personal property. If the defendant is right, there will be cases in which it will be impossible for a deeply wronged landowner to secure redress. The inconvenience and occasional injustice which the rule relied on here may cause has led a number of states to restrict its application or to abrogate it altogether.

In West Virginia it is provided that any action at law, except an action of ejectment or unlawful detainer, may be brought where any of the defendants reside. Code W. Va. c. 123, § 1 (sec. 4734).

[3] The only legislation in Maryland upon the subject is section 148 of article 75 of Bagby's Code, to the effect that if any trespass shall be committed on any real property, and the person committing the same shall remove from the county where such property may lie, or cannot be found in such county, such trespasser may be sued in any county where he may be found. There is in this case, of course, no suggestion that the defendant, the Baltimore & Ohio Railroad Company, has removed from Mineral county, or that it cannot be found therein. It is clearly settled that on this question the law of the forum governs. Huntington v. Attrill, 146 U. S. 669, 13 Sup. Ct. 224, 36 L. Ed. 1123; Peyton v. Desmond, 129 Fed. 1, 63 C. C. A. 651.

[4] The Court of Appeals of Maryland does not appear ever to have had before it a case in which it was sought to recover in the courts of this state for an injury done to real property in another; but the distinction between local and transitory actions has been repeatedly recognized in its decisions, and the line of demarcation between them has been clearly defined. Thus, in Gunther v. Dranbauer, 86 Md. 1, 38 Atl. 33, cited with approval in the subsequent case of Phillips v. Baltimore City, 110 Md. at page 435, 72 Atl. at page 904, 25 L. R. A. (N. S.) 711, Judge McSherry said that the unerring test by which it may be determined whether a particular cause of action sounding in damages is local or transitory—

"inheres in the nature of the subject of the injury as differing from the means whereby and the mere place at which the injury was inflicted. If the subject of the injury be real estate or an easement, * * * obviously the action must be local, for the reason that the injury to that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated. But if the subject of the injury be an individual, then an injury to that individual's person, no matter by what means occasioned or where inflicted, is essentially an injury to a subject not having a fixed, * * * immovable location; and an action to recover damages therefor would necessarily be transitory."

In the courts of Maryland, therefore, a suit for damages to real estate caused by fire negligently communicated to improvements thereon is local. Such was the common law of England, in spite of Lord

Mansfield's opinion to the contrary in Mostyn v. Fabrigas, 1 Cowp. 166, as the subsequent case of Doulson v. Matthews, 4 Durn. & E. (4 Term Rep.) 503, showed. Such is still the law of England, as determined in, the relatively recent case of the British South Africa Co. v. Companhia de Mocambique, Law Rep. Appeal Cases (1893) 602.

The plaintiff, however, in effect argues that as the common law, according to one of its most distinguished disciples, was the perfection of human reason, and as that quality seems singularly lacking in the doctrine for which the defendant contends, it must follow that the English judges and their American brethren who have followed in their footsteps, have misunderstood and misinterpreted the true meaning of the common law in this respect. It claims that the Supreme Court has restricted the old rule within narrow limits. Stone v. United States, 167 U. S. 182, 17 Sup. Ct. 778, 42 L. Ed. 127. In the case cited it was held that where the defendant had cut down trees growing on the plaintiff's land, and had converted them to his own use, the action would be transitory, if plaintiff chose to make the gravamen of his suit the conversion of the trees after they were cut, but local, if recovery was sought for the damage done to the land by the cutting. Ellenwood v. Marietta Chair Co., 158 U. S. 105, 15 Sup. Ct. 771, 39 L. Ed. 913.

It is suggested that the distinction has thus become very much like that between tweedledum and tweedledee, which is a matter of the ending only. It relies on the reasoning of the Supreme Court of Minnesota in Little v. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 65 Minn. 48, 67 N. W. 846, 33 L. R. A. 423, 60 Am. St. Rep. 421. It argues that, if the application of the old rule be confined strictly to cases in which the title or right of possession of the land is at issue, it will be given all the force which either the later authorities or common sense justify. I would be glad to accept this view. If in this case plaintiffs were remediless, I might feel it my duty to give a higher court an opportunity fully to consider the question anew. In point of fact, however, plaintiff will not have the slightest difficulty in suing the defendant in West Virginia and there securing the service of process upon it.

Chief Justice Marshall felt, as does the plaintiff in this case, that from the standpoint of either reason or convenience little could be said for the old rule. Nevertheless he declared that the courts had made it clear that actions "are deemed transitory where the transactions on which they are founded might have taken place anywhere, but are local when their cause is in its nature necessarily local." And he added, "It would require a hardihood which I do not possess to pass this limit." Livingston v. Jefferson, 1 Brock. 203, 15 Fed. Cas. 660.

Where he did not dare to go, others may well hesitate to venture.