## 9283

### PIERCE v. MARION COUNTY LUMBER CO.

#### (88 S. E. 135.)

ACTIONS. INJURY TO REAL PROPERTY. VENUE. GROWING CROPS.

1. ACTIONS—INJURY TO REAL PROPERTY.—Injuries to growing crops by obstructing the drainage of and backing water upon the lands, are injuries to real property.
2. ACTIONS—VENUE.—Actions for injuries to real property must be tried in the county in which the subject of the action, or some part thereof, is situated.

Before RICE, J., Dillon, March, 1915. Reversed.

Action by J. B. Pierce against Marion County Lumber Company to recover damages for injuries to crops growing on lands in Dillon county caused by the alleged acts of defendant in obstructing a water course and thereby causing the waters to be backed upon said lands and preventing their natural drainage. From order changing the venue to Marion county, the place of defendant's residence, on the ground that Dillon was not the proper county for trial, plaintiff appeals.

*Messrs. Joe P. Lane, L. B. Haselden* and *J. A. Mace,* for appellant, cite: *As to place for trial:* Code Civ. Proc., sec. 172. *The complaint alleges cause of action for injuries to*

*real property:* 58 S. C. 30. *Tenant for years may maintain action:* 2 Nott. & McCord 138; 3 McC. 421; 1 Hill 260. *Growing crops are real estate:* 2 Bailey 334; 19 S. C. 140; 8 S. C. 282; 71 S. C. 9; 33 S. C. 259, 260; 98 Ga. 626; 25 S. C. 63; 34 L. R. A. 286; 14 Ill. 257; 69 Ala. 227. *Mortgage on crops:* Civil Code, sec. 4106.

*Mr. M. C. Woods,* for respondent, cites: *As nature of crops:* 34 L. R. A. 286; 23 L. R. A. 258; 71 S. C. 1; 3 Hill 260. *Statutory declarations:* Crim. Code 218; Civil Code 3633, 3566, 4106.

February 29, 1916.

The opinion of the Court was filed by MR. CHIEF JUSTICE GARY.

This is an appeal from an order changing the place of trial from Dillon to Marion county, under sec. 172 of the Code which provides, that action for. the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated:

1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

The third and sixth paragraphs of the complaint are as follows:

3. "That during the latter part of the fall of 1911, and during the year 1912, the defendant, by its agents and employees, cut down a great number of trees and timber in the said Catfish Creek, and negligently, and carelessly and unlawfully left the tops, brushes, limbs and a great part of the trees, in the run of the said stream, in wanton disregard of the rights of the plaintiff and property owners near same; and also carelessly, negligently and unlawfully, and in wanton disregard of the rights of this plaintiff, built a tram-road across the run of said stream, clogging the same up from the bottom, making practically a complete dam across

said stream, thereby filling up, damming and clogging said stream in such a manner, that the water which naturally flows through said stream, was prevented from flowing down the same, and away from said lands."

6. "That by reason of said damming and obstructing of said stream by the defendant, the water which naturally flows down the said stream was backed up therein, especially during the year 1913, and caused the water to back up in the ditches of the said lands, to inundate part of said lands and prevented the lands from being drained, and making same become wet and sobbed and sour, and to become unproductive, and rendered the location unhealthy for plaintiff. That during the year 1913, because of the water being backed up on the said lands, and preventing the drainage of same, and overflowing part of said lands, the same became wet and sobbed, practically destroying the crops on part of said premises, and the crops on all of the same were greatly reduced and damaged."

An action for damages for trespass upon real property, which would have been sufficient to sustain the old action of trespass *quare clausum fregit,* must be tried in the county where the land lies, without regard to the residence of the defendant. *Henderson* v. *Bennett,* 58 S. C. 30, 36 S. E. 2.

By reference to the complaint, it will be seen that the defendant cut down a great many trees; that the lands were rendered unproductive; that the crops were practically destroyed on a part of the land, and that the crops on all the land were injured.

These allegations would have been amply sufficient to sustain the old action of *quare clausum fregit.* *Connor* v. *Johnson,* 59 S. C. 115, 37 S. E. 240. *Investment Co.* v. *Lumber Co.,* 86 S. C. 358, 68 S. E. 645.

The damage to the growing crops was an injury to real estate. *Tittle* v. *Kennedy,* 71 S. C. 1, 50 S. E. 544.

Order reversed.