### 9741

#### STUCKEY v. D. W. ALDERMAN & SONS CO.
#### FITCH v. SAME.

#### (93 S. E. 126.)

1. VENUE—INJURY TO REAL ESTATE—REMOVAL OF STUMPS.—Stumps are affixed to the soil, and a wrongful taking thereof is an injury to real estate.

2. VENUE—CHANGE—STATUTE.—Under Code Civ. Proc. 1912, sec 172, subd. 1, providing that an action for injuries to real estate, etc., must be tried in the county in which the real estate is situated, subject to the power of the Court to change the place of trial, where a complaint alleged injuries to real estate and defendant by its answer set up an easement in the land by virtue of a deed granting a right of entry, the case should have been tried in the county where such land was situated; hence an order granting a change of venue on the ground that the defendants' principal and only office for the transaction of business was in another county was erroneous.

Before WILSON, J., Kingstree, June, 1916.   Reversed.

Consolidated actions by C. F. Stuckey and W. A. Fitch against D. W. Alderman & Sons Company.   From an order granting defendant's motion for change of place of trial, plaintiffs appeal.

*Messrs. Bass & Williams,* for appellants, cite: *As to venue:* Code Civil Proc., sec. 172, subd. 1; 16 S. C. 276; 80

---

FOOTNOTE.—As to what are actions for injury to real estate, see *Pierce* v. *Marion County Lumber Co.,* 103 S. C. 261, 88 S. E. 135.

S. C. 488.  *Lightwood stumps:* 27 A. & E. Enc. of L. (2d
ed.) 192; 37 Cyc. 339; 36 Wis. 92.  *Portion of realty:* 97
Pa. 486; 30 Pa. 185; 72 Am. Dec. 694; 1 Washb. R. P. (5th
ed.) 16; 36 S. E. 402; 61 S. C. 339.

*Messrs. Kelley & Hinds* and *LeRoy Lee,* for respondent,
cite: *As to venue:* 79 S. C. 555; 73 S. C. 179.  *Injury to
real property:* 40 Cyc. 75; 15 Pick. 156.  *Allegation of
wrongful entry on lands:* 21 Enc. Pl. & Pr. 821.  *Election
of remedies for damage to realty:* 19 L. R. A. 653
*Assumpsit:* 63 S. E. 270; 167 U. S. 178.  *Conversion of
chattels:* 27 Mich. 153; 15 Mass. 204; 129 N. C. 11.

July 7, 1917.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

These two cases were tried together, and the question is
the same.  Respondent in its argument says:

"This is an action for damages commenced on the 22d
day of March, 1916.  The defendant gave notice of a
motion to change the place of venue, and answered, reserv-
ing such right, and, upon such motion being made, an order
was granted, changing the place of trial from Williamsburg
county to Clarendon county, the defendant conducting its
business at Alcolu, in the last named county."

From this order the plaintiff appealed, and that is the sole
issue in the case.

If the complaint alleges injuries to real property in the
sense of the Code, then the case would be tried in Williams-
burg county.  Code of S. C., vol. II, sec. 172, subd. 1.  That
section, so far as it relates to this case, reads: "Actions for
the following causes must be tried in the county in which the
subject of the action, or some part thereof, is situated, sub-
ject to the power of the Court to change the place of trial, in

the cases as hereinafter provided: 1. For the recovery of real property, or of an estate or interest therein, or for the detemination in any form of such right or interest and for injuries to real property."

The complaints allege that the plaintiffs are the owners of two several tracts of land lying in Williamsburg county; that on and upon said tracts of land there were vast stores and quantities of dead pine firewood, consisting of 1, 2 dead pine stumps, stumps, parts of logs, sticks, and the like, all of the class and kind of wood commonly known as "lightwood," all of which was the property of plaintiff; that on the said —— of May, 1914, and on divers other days, between that day and the commencement of this action, the defendant wrongfully entered upon the above described tract of land of the plaintiff, and negligently, wilfully, wantonly and recklessly, and with utter disregard of the rights of the plaintiff, thence took and carried away and converted to its own use the property of the plaintiff. The defendant by its answer, served before the order appealed from was made, alleges:

"That by his deed dated the 7th day of February, 1902, the said plaintiff, claiming to be the owner of the tract of land described in the complaint, and being in possession of the land, granted, sold and conveyed to this defendant all the timber that it might choose to saw into lumber or cut into crossties, or to cut, use, or dispose of for any other purpose whatever, standing or lying upon the said tract of land, together with exclusive rights of way for tramroads or railroads, cart or wagon roads, on, over, across and through all of said land for a term of 20 years from the date of said deed, and for as many years after the expiration of the said twenty years as the defendant, its successors or assigns, might desire, upon the payment of $5 annually after the expiration of the said 20 years as a rental for such rights of way, reference to which deed is here craved just as though here repeated. That all entries upon said land and all acts

done thereon were made and done under and by virtue of the rights and authority granted by said deed and by the plaintiff, and were made and done with his entire knowledge and approval."

The only ground urged for the change of venue was that the defendants' principal and only office for the transaction of business was in Clarendon county. Whatever may be said of some of the property·alleged to have been carried away, the stumps were certainly affixed to the soil, and the wrongful taking of the stumps was an injury to real estate. The defendant by its answer set up a deed which provided for a right of entry on the land described in the complaint, and this was an interest in real estate.

The complaints alleged injuries to real estate, and the answer sets up an easement, and, therefore, an interest in the land itself. The order transferring the case from Williamsburg to Clarendon county was erroneous, and the order is reversed.