14082

NORWOOD v. CARTER

(180 S. E., 453)

*Messrs. Leppard & Leppard,* for appellant,

*Mr. C. E. Gardner,* for respondent,

June 5, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The 19th day of January, 1932, the appellant and the respondent entered into a contract in writing for the cultivation of lands owned by the appellant. In the preamble of

the contract the appellant is named "landlord" and the respondent is named "sharecropper." September 17, 1932, appellant began this action in claim and delivery, and crops growing on the lands were seized by the sheriff, including two bales of cotton which had been ginned and were in the possession of the sharecropper, who, for the sake of brevity, we shall call the tenant. The defendant, respondent here, gave bond and replevied the property. In his answer he demanded an accounting between him and the plaintiff. By consent it was referred to C. L. Huntley, Esq., as Special Referee to hear and determine all issues of law and fact. The Referee took much testimony, and heard argument of counsel. He stated the accounts between the parties and filed his report, in which he recommended that the plaintiff have judgment for the possession of the property in dispute, and if possession thereof cannot be had, that "the plaintiff have judgment against the defendant for the sum of Four Hundred Two and 54/100 ($402.54) Dollars, together with the sum of One Hundred Eighty-nine and 70/100 ($189.-70) Dollars, the Sowell store account, together with interest from September 17, 1932, at the rate of seven per cent per annum, together with the costs of this action."

Exceptions by the defendant to the report of the Special Referee were heard by Judge Dennis, who filed his order in which he held that crops not severed from the freehold are not subject to be taken in proceedings by claim and delivery. He, therefore, dismissed the complaint.

It is not necessary to discuss in detail the numerous exceptions by plaintiff on his appeal from the order of the Circuit Judge. The few cardinal questions we discuss and decide will embrace all of the main issues involved in the appeal.

The question whether crops not severed from the soil are chattels subject to being sold, mortgaged, or seized under process has elicited much attention of Courts and lawmaking bodies. Hence, there are many divergent statutes and contradictory decisions. These we

may not now pause to discuss and consider. It suffices to say that we concur with his Honor, the Circuit Judge, in the holding that: "Unsevered crops are regarded in this State as realty, except in such cases that fall within the aforesaid statutes (Sections 1172, 8996 and 8717 of the 1932 Code), and that Claim and Delivery will not lie for such crops."

Claim and delivery would not lie in the present action for another reason. That process is especially designed to obtain the possession of personal property which is unlawfully withheld from the person entitled thereto.

In this agreement, or contract, between Dr. Norwood, the landlord, and Carter, the tenant, the latter was especially charged with the duty of harvesting, gathering, and marketing the crops in due season under the direction of the landlord. Carter was, therefore, in lawful joint possession of the unsevered crops along with the landlord. It follows that the process of claim and delivery would not lie to deprive him of it.

But it does not follow from this that the Circuit Judge was correct in dismissing the complaint. The defendant did not demur to the complaint, he did not move to dismiss it, he did not challenge the nature of the proceeding. On the contrary, he recognized its validity, gave bond in replevin, and was given possession of the property. He answered the complaint, and demanded an accounting between him and the landlord. This he has had, and he is found to be in debt to the landlord. Doubtless, he has disposed of the property redelivered to him on the strength of his replevin bond. To dismiss the complaint now is to relieve him of the obligation of his bond; and thus the landlord is left with no source from which to recover the sum found to be due him by the tenant upon the accounting invoked by the tenant.

We think the defendant has estopped himself to plead that the process of claim and delivery will not lie in this case.

It appears from the record that there is some uncertainty as to what became of the two bales of cotton which had been ginned before the action was begun. It is, therefore, necessary that there be a further accounting to determine this question.

We think his Honor was in error in holding that ■ the question of the peach crop did not enter into the case because the peaches had been gathered and sold before the action was brought. The action, at the instance of the tenant, had been converted into one for an accounting, and the gathering and sale of the peaches was covered by the terms of the written contract.

The judgment of the Circuit Court is affirmed in the holding that claim and delivery will not lie for the possession of crops not severed from the freehold; but it is reversed in so far as it dismisses the complaint in this case, and it is reversed in its holding relevant to the question of the peaches.

The case is remanded to the Circuit Court for further accounting as to the two bales of cotton ginned before the action was begun, and for such further proceeding in connection therewith as may become necessary.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER, and FISHBURNE, concur.