14247

NORWOOD v. CARTER

(184 S. E., 577)

204

*Mr. C. E. Gardner,* for appellant,

*Messrs. Leppard & Leppard,* for respondent.

March 6, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent began an action in the Court of Common Pleas for Chesterfield County against the defendant, the appellant herein, the 23d day of September, 1932, which was an action in claim and delivery under which the sheriff of the county seized the property described in the complaint, which property was agricultural crops, all of which were unsevered from the freehold, except two bales of cotton; the defendant executed his redelivery bond and thereby received the return of the property. He also answered, denying all of the allegations of the complaint, except 1 and 2, and asked for an accounting. It appears that the respondent was the landlord and the appellant was the tenant or share cropper on the lands of the respondent. The resident Judge of the circuit granted a consent order to C. L. Hunley, Esq., as special master, directing him to hear and determine all the issues of law and fact. He made his report the 8th day of February, 1934, by which he found that the plaintiff was entitled to the delivery of the possession of the property described in the complaint, and if such possession could not be had that the plaintiff have judgment against the defendant for the sum of $402.24, together with

the sum of $189.74, the Sowell store account, with interest from September 17, 1932, at the rate of 7 per cent. per annum. May 25, 1934, Judge Dennis granted an order that the master's report be set aside, reversed, and overruled, and that the action be dismissed. Upon appeal to the Supreme Court, this order of Judge Dennis' was reversed in certain particulars and the case was remanded for further proceeding. Upon a trial on the issues raised by defendant's exceptions to the master's report, the Court found and ordered judgment for the plaintiff against the defendant in claim and delivery, for the possession of the property or its value, $543.50. In accounting the Court found and ordered judgment against the defendant in the sum of $551.43. It is from this order the appeal now comes to this Court.

This stipulation appears in the record: "It is hereby stipulated and agreed that the transcript of record on the previous appeal of this action be, and the same are hereby incorporated herein and made a part of this transcript of record as fully and effectually as if they were set out herein *pro haec verba.*"

The defendant's appeal in the present issue turns upon the question whether the Circuit Judge was correct in holding and finding that plaintiff have judgment against the defendant in claim and delivery for the possession of the property described in the complaint, or for the value thereof, to wit, $543.50. The argument turns upon the construction of the opinion of this Court in the former appeal, found in 176 S. C., 472, 180 S. E., 453, 454. The appellant contends that this Court having agreed with the Circuit Judge that the crops unsevered from the freehold were not subject to the process of claim and delivery, it was error for the Circuit Judge to find that so much was due in the process of claim and delivery by the defendant to the plaintiff. But the appellant here overlooks that whilst the Court held, in the former case, that growing crops were not subject to be seized in claim and delivery, it also held:

"But it does not follow from this that the Circuit Judge was correct in dismissing the complaint. The defendant did not demur to the complaint, he did not move to dismiss it, he did not challenge the nature of the proceeding. On the contrary, he recognized its validity, gave bond in replevin, and was given possession of the property. He answered the complaint, and demanded an accounting between him and the landlord. This he has had, and he is found to be in debt to the landlord. Doubtless, he has disposed of the property redelivered to him on the strength of his replevin bond. To dismiss the complaint now is to relieve him of the obligation of his bond; and thus the landlord is left with no source from which to recover the sum found to be due him by the tenant upon the accounting invoked by the tenant.

"We think the defendant has estopped himself to plead that the process of claim and delivery will not lie in this case."

It follows that when the case went back and was heard by the Circuit Judge, he was not in error when he considered the findings of the master in the accounting which the appellant here had asked.

We think there is no error and that the Circuit Judge has rightly disposed of the issues involved. His order is satisfactory to the Court.

Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne concur.