BIG ROBIN FARMS, a South Carolina corporation, Plaintiff,

v.

CALIFORNIA SPRAY-CHEMICAL CORPORATION, Defendant.

Civ. A. No. 2284.

United States District Court
W. D. South Carolina,
Spartanburg Division.

April 25, 1958.

Spruill & Harris, Cheraw, S. C., Sam R. Watt, T. E. Walsh, Spartanburg, S. C., for plaintiff.

Smythe & Smythe, Charleston, S. C., for defendant.

WYCHE, Chief Judge.

This action, brought in the Spartanburg Division of the Western District of South Carolina, is now before me on a motion on the part of defendant to transfer to the Florence Division of the Eastern District.

The allegations of the complaint are that plaintiff, the owner of peach orchards in South Carolina, desiring to control a buildup of scale in its orchards, purchased from defendant, a manufacturer of fungicides, etc., sufficient dormant oil spray properly to treat these

orchards; that plaintiff applied this spray to its orchards, and that thereafter many of plaintiff's peach trees began to die and others suffered serious injury; that the damage to the trees was caused by defects in the spray, its poor grade, inadequate instructions furnished by defendant for its use, furnishing a spray which had not been registered as required by South Carolina law, failure to place upon the labels on the containers an adequate caution statement, and delivering a spray which, when used as directed or in accordance with customary safe practice, was injurious to vegetation. Damages are alleged in the amount of $150,000.

The motion is based upon two grounds:

First, under the authority of Title 28, § 1406(a), United States Code, because the action is a local action involving damage to peach orchards constituting a part of the real estate belonging to the plaintiff, which are located in Chesterfield County, South Carolina within the Florence Division of the Eastern District.

Second, under § 1404(a) of Title 28, to transfer for the convenience of parties and witnesses and in the interest of justice.

At the outset it may be well to dispose of the argument of plaintiff's attorneys in opposition to the first ground of the motion. They take the position that this is not an action for damage to real estate, but is an action solely for the breach of a duty owing by defendant to plaintiff, basing this contention upon the allegations in the complaint set out above, as to the cause of the damage complained of. Laying aside for the time being the question as to whether these allegations, if proven, would show a breach of duty on the part of defendant, it is to be borne in mind that every tort action rests upon some fundamental breach of duty on the part of the defendant. Actions for trespass rest upon the breach of the duty of the defendant not to enter the lands of others; actions for wood fires caused by railroads rest upon the breach of the duty to carry spark-arresters on the locomotive engines; actions for damage to crops by backing water onto the land or by the depredations of invading cattle rest upon the duty not to interfere with the flow of streams or the duty to keep fences in repair, and so through all similar causes. If the contention of plaintiff were carried to its logical conclusion, there could be no action for damage to real estate. Plaintiff in its complaint alleges that the conduct of the defendant "resulted in the loss of a large number of plaintiff's peach trees with a subsequent loss of a crop of peaches and a continuing loss of peach crops until new trees can be set out and brought into production, great expense in the pruning and removing of dead trees and setting new trees and cultivating and caring for them until productive." The conclusion is unavoidable that the gravamen of the action is not the breach of any duty by defendant but the damage to plaintiff's peach trees, and as will be considered in the course of this order peach trees are a part of the realty and the damage to them is damage to real estate.

The second position taken by plaintiff is that defendant can be sued only in the Western District of South Carolina for the reason that it appointed as its statutory agent upon whom service of process may be made Miss J. M. Perry, who resides in Greenville in the Western District; and plaintiff relies upon the decision in the case of Neirbo Company v. Bethlehem Shipbuilding Company, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. But while that decision held that the appointment of such an agent constitutes a consent to be sued within the state wherein the agent so appointed resides, the court nowhere limits such consent to any district or any division of that state.

Defendant's first position is that this being an action in which jurisdiction is based solely on diversity of citizenship, the question as to whether or not the action is a local action and must therefore be transferred is, under the authority of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to be de-

648

termined by the law of South Carolina in which the real estate lies. In support of this position, defendant cites sundry decisions to which brief reference will be made.

The earliest decision to which my attention has been directed is that of Livingston v. Jefferson, 1 Brock 203, 15 Fed. Cas. pp. 660, 663, decided in 1811, where Chief Justice Marshall sitting as Circuit Judge in the Circuit Court in Virginia discussed the subject exhaustively. In the course of his discussion of the question, this distinguished jurist used this language: "The sole question now to be decided is this—Can this court take cognizance of a trespass committed on lands lying within the United States, and without the district of Virginia, in a case where the trespasser is a resident of, and is found within the district? I concur with my brother judge in the opinion that it cannot. * * *

"The distinction taken is, that actions are deemed transitory, where transactions on which they are founded, might have taken place anywhere; but are local where their cause is in its nature necessarily local * * *.

"According to the common law of England then, the distinction taken by the defendant's counsel, between actions local and transitory, is the true distinction, and an action of quare clausum fregit, is a local action. *This common law has been adopted by the Legislature of Virginia.*" (Emphasis supplied.)

Thereafter in 1853, the Supreme Court in the case of Northern Indiana R. R. Co. v. Michigan Central R. R. Co., 15 How. 233, 14 L.Ed. 674, discusses the nature of local actions and holds that even in a suit in equity for an injunction against the defendant, if the subject of the action is real estate the suit is local and must be brought in the district of the situs.

Again in Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52, the same proposition is set out in this language: "The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which pre-

scribe generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local actions are in the nature of suits in rem, and are to be prosecuted where the thing on which they are founded is situated."

In Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 228, 36 L.Ed. 1123, decided in 1892, the court says in part: "Whether actions to recover pecuniary damages for trespasses to real estate, 'of which the causes,' as observed by Mr. Westlake (Priv.Int.Law, [3rd. Ed.], p. 213,) 'could not have occurred elsewhere than where they did occur,' are purely local, or may be brought abroad, depends upon the question whether they are viewed as relating to the real estate, or only as affording a personal remedy. * * * and whether an action for trespass to land in one state can be brought in another state depends on the view which the latter state takes of the nature of the action."

In Peyton v. Desmond, 8 Cir., 129 F. 1, 4, the court expressed itself thus: "By the common law of England, an action for the recovery of damages for injury to land is local, and can be brought only where the land is situated. * * * The matter is essentially one of state policy or local law."

So in Potomac Milling & Ice Company v. Baltimore & O. Railroad, D.C.Md., 217 F. 665, 667, the court cited with approval the Maryland case of Phillips v. Baltimore City, 110 Md. 431, at page 435, 72 A. 902, at page 904, 25 L.R.A.,N.S., 711, in which that court said: "If the subject of the injury be real estate or an easement, * * * obviously the action must be local." And the Federal Court concluded its opinion with this language: "In the courts of Maryland therefore a suit for damages to real estate caused by fire negligently communicated to improvements thereon is local." And the court governed itself by this conclusion.

Again in Josevig-Kennecott Copper Co. v. James F. Howarth Co., 9 Cir., 261 F.

567, 569, it is written: "It is admitted that the question whether the action is local or transitory is to be determined by the law of the state."

Other decisions to the same effect are Ellenwood v. Marietta Chair Company, 153 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913; Choice v. Texas Company, D.C.Tex., 2 F. Supp. 160; Shell Petroleum Corporation v. Moore, 5 Cir., 46 F.2d 959; Erwin v. Barrow, 10 Cir., 217 F.2d 522; Miller & Lux v. Nickel, D.C.N.D.Cal., 149 F.Supp. 463; Matarazzo v. Hustus, D.C.N.Y., 256 F. 882; Mayner v. Utah Construction Company, D.C.Ark., 108 F.Supp. 532; Eddington v. Texas & New Orleans R. Co., D.C.Tex., 83 F.Supp. 230; Hunter v. United States Department of Agriculture, etc., D.C.Tex., 69 F.Supp. 377; and Tyler v. Stanolind Oil & Gas Co., 5 Cir., 77 F.2d 802.

■ I conclude therefore that the question as to whether this suit for damage to peach trees is a local or transitory action is governed by the law of the state, and it is necessary therefore to determine what is the law in South Carolina on this question.

As has been set out above, the allegations of the complaint are that the defendant's negligence directly and proximately resulted in the loss of a large number of plaintiff's peach trees, with consequent loss of crops. Examination of the decisions of the South Carolina Supreme Court leads me to the conclusion that this constitutes a cause of action for injury to real property.

The Statute of South Carolina upon which defendant relies is § 10–301 of the Code of 1952, which provides in part as follows: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated * * * (1) for the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property."

■ It is elementary under the law of South Carolina that unsevered crops are realty, (with certain exceptions not pertinent to the matter now before me) Norwood v. Carter, 176 S.C. 472, 180 S.E. 453, and that standing timber is a part of the freehold, Marion County Lumber Company v. Tilghman Lumber Company, 84 S.C. 505, 66 S.E. 124, 877.

On all fours with the instant case is the decision in Hall v. Seaboard Air Line Railroad Company, 126 S.C. 330, 119 S.E. 910, 911, 33 A.L.R. 292, where the court laid down the following proposition: "Property upon a man's premises, affected by fire, is of two different classes: (1) that which is essentially connected with the premises and has value only by reason of that connection, such as fruit trees, ornamental and shade trees and shrubs, the young growth of a forest, hedge, grass, and the like; (2) that which has a value independent and separate from the premises as such, such as buildings, fences, merchantable timber, corded or cut wood, and the like, the loss or damage to which is capable of practically exact estimation."

■ In the case at bar it is obvious that the peach trees alleged to have been killed have no value in themselves and are therefore in accordance with the language quoted above essentially connected with the premises, that is to say, the real estate.

As to what constitutes damage to real estate, and where actions founded on such damage must be tried, the South Carolina Supreme Court has expressed itself more than once, and as pointed out above, under the language in the Hall case supra, damage to peach trees is damage to real estate.

■ Other decisions in South Carolina are as follows: Henderson v. Bennett, 58 S.C. 30, 36 S.E. 2; an action for trespass, in which the court held that the case was properly tried in the county in which the land lay.

In Pierce v. Marion Lumber Company, 103 S.C. 261, 88 S.E. 135, 136, where the defendant cut down trees and impeded the flow of a creek by reason of which

water backed up onto the land of the plaintiff, the court said: "Action for damages for trespass upon real property which would have been sufficient to sustain the old action of trespass quare clausum fregit must be tried in the county where the land lies, without regard to the residence of the defendant. * * * By reference to the complaint it will be seen that the defendant cut down a great many trees; that the lands were rendered unproductive; that the crops were practically destroyed on a part of the land; and that the crops on all the land were injured. These allegations would have been amply sufficient to sustain the old action of quare clausum fregit. * * * The damage to the growing crops was an injury to real estate."

In the Pierce case the damage was caused by defendant permitting water to enter the land of plaintiff although defendant itself in person made no such entry. In the instant case the damage as alleged is caused by defendant permitting injurious spray to be carried upon and used on the land of plaintiff, which situation is similar in principle to that in the Pierce case.

So in Stuckey v. D. W. Alderman & Sons Co., 107 S.C. 426, 93 S.E. 126, 127, defendant entered on lands of plaintiff and took and carried away lightwood stumps from the land. The court in holding that the order transferring the case from Williamsburg County to Clarendon County was erroneous since the land was in Williamsburg County, commented on the situation in the following language: "Whatever may be said of same of the property alleged to have been carried away, the stumps were certainly affixed to the soil, and the wrongful taking of the stumps was an injury to real estate."

In Bethea v. Home Furniture Company, 185 S.C. 271, 194 S.E. 10, defendant entered plaintiff's home in his absence and forcibly opened plaintiff's locked front door with a hatchet. The court said: "The complaint is one for trespass upon real estate." Citing Henderson v. Bennett, supra, and concluded that the case must be tried in Dillon County where the trespass occurred.

The provisions of the United States Code of Judicial Procedure are also pertinent. While there is no specific federal statute requiring actions such as the one under consideration to be tried in the district in which the real estate alleged to have been damaged is situate, yet it is indicative of the intention of Congress in this regard that § 1392(b) of Title 28 provides: "Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts."

Also § 1393 recognizes the distinction between ordinary civil actions and those of a local nature, and by implication recognizes that the venue of a local action is governed by the historic common-law tradition recognized in the cases. Subparagraph (a) of § 1393 reads: "Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

From a consideration of all of the above authorities, the following conclusions may be drawn: first, the question of whether this cause is local or transitory is to be determined by the law of South Carolina; second, under that law, the action before the court is unquestionably local and in the state courts could be tried only in the county in which the land lies; and third, where by state practice an action must be brought in the county of the situs, in the federal courts in a diversity case the action must be brought in the district and division of the situs.

In consequence, I conclude that defendant's motion to transfer this cause to the Florence Division of the Eastern District of South Carolina upon the first ground set out above must be granted.

Having reached this conclusion, it is unnecessary to consider the second ground of the motion based upon con-

venience of witnesses and furtherance of justice.

The case is therefore transferred to the Florence Division of the Eastern District of South Carolina, and the clerk of this court will forward all papers in the cause which have been filed with him, including this Order, to the clerk of that court for filing there.

And it is so ordered.