## HUNTER et al. v. UNITED STATES DEPARTMENT OF AGRICULTURE et al.

### Civ. No. 384.

District Court, N. D. Texas, Wichita Falls Division.

Dec. 31, 1946.

278

Jack Connell, of Wichita Falls, Tex. for plaintiffs.

Robert B. Young, Jr., U. S. Atty., and Frank B. Potter, Asst. U. S. Atty., both of Fort Worth, Tex., for defendants.

ATWELL, District Judge.

Eighty residents of Wichita County, Texas, brought this suit, complaining of

the Department of Agriculture, Clinton P. Anderson, Secretary thereof, and allege that the controversy arises over a statute of the United States and the non-compliance therewith by the Secretary of Agriculture, or any other person or agency in his behalf and that such non-compliance has placed a cloud on the title of the real estate owned by them. Title 12 U.S.C.A. Chapter 7, Farm Credit Administration Sec. 640—1.

They allege that it was the ministerial duty of the Regional Director of the Farm Security Administration, or the Secretary of Agriculture, or both, and is presently a ministerial duty. That the compliance is not discretionary.

The exact number and description of the particular unit owned by each of the plaintiffs is set out in detail and each of the plaintiffs' title is in fee simple and is situated in Wichita Valley Farms.

That such Wichita Valley Farms was created as Resettlement Administration by Executive Order No. 7027 on April 30, 1935. That later the functions, powers and duties relating to housing was transferred to the National Housing Agency by Executive Order No. 9070, February 24, 1942, 50 U.S.C.A. Appendix, § 601 note, and thereafter consolidated with other agencies into Food Production Administration of the Department of Agriculture by Executive Order No. 9280, on December 5, 1942, 50 U.-S.C.A. Appendix, § 601 note. By Executive Order No. 9322 of March 26, 1943, United States Code Congressional Service, 1943, as amended April 19, 1943, 50 U.S.-C.A. Appendix, § 601, note, the Administration was returned to its former status and, subsequently, by Act cited in Farmers' Home Administration Act of 1946, approved August 14, 1946, 7 U.S.C.A. § 1001 et seq., providing for liquidation.

That subsequent to the creation of the Resettlement Administration, a plan of rehousing and subsisting farming by the Resettlement Administration between the time of its creation and September 1, 1937, an experiment known as a Re-settlement project, or, rural rehabilitation, for the benefit of certain of those who had made due application for the occupancy of certain units

embodied in the Wichita Valley Farms project who had met the requirements in regard to personal financial status, farming experience, and other requirements peculiarly within the knowledge of the Secretary of the Secretary of Agriculture, and the Re-settlement Administration.

That approximately fifty-six hundred acres of land were platted and dedicated in said county and divided into small farms of various sizes, a part of which is occupied by these plaintiffs, and particularly described herein, and certain improvements erected thereon. That said Administration selected from said applications certain ones for occupancy whom it thought best qualified and who would benefit more than others by reason thereof, to occupy the same with their families and thereby promote the purpose and intention of such rehabilitation and subsisting farming project; that these plaintiffs accordingly occupied such lands and improvements which they own in fee simple, having fully met the requirements of such agencies, and administration, all within the knowledge of the defendant.

That in consideration of such occupancy and their full compliance with the requirements, and to further promote the program, the plaintiffs were led to believe that such places were their future homes and that they would be permitted to own their respective tracts with improvements thereon in fee simple, which was, in fact, a part of the agreement of their occupancy.

That upon the successful termination of their period of experimental occupancy they were given an opportunity to purchase their respective tracts by the Farm Security Administration, acting for the United States Department of Agriculture, all of such tracts embodied within and being a part of said project. That they exercised their right under such opportunity and did purchase the respective farms and the improvements thereon and secured the quitclaim deeds, each reciting a cash consideration in full and the receipt thereof, signed by the United States of America, Department of Agriculture, Farm Security Administration, by Regional Director thereof. That each of the plaintiffs has occupied his respective home and farm from the time they were so

selected to do so and such occupancy in each instance is in excess of the period of five years, together with those from whom they obtained title from a common source, to wit, the United States of America, by and through said department, and are subrogated to all of the rights granted to such original purchaser from such common source.

That the United States of America, acting through the Secretary of Agriculture, acting through the Farm Security Administration, by its Regional Director, executed and delivered to each of these plaintiffs such quitclaim deed, including all minerals rights underlying their respective tracts except that there was retained by the grantor, three-fourths of all minerals, oil and gas and others therein specified, leaving only to each plaintiff one-fourth of said minerals, oil and gas. That Sec. 640—1, Title 12 U.S.C.A., Banks and Banking, chapter 7, entitled Farm Credit Administration, provides that such deed, or, contract, or, agreement, for the sale of any such real estate, after having been in force for five years, and after the payment of such purchase price, together with all interest, shall be delivered to the purchaser forthwith, without any reservation, exception, condition, or restriction whatever.

That they should have received quitclaim deeds in accordance with the provisions of the law, free and clear of any reservation, and that the retention of the minerals mentioned above is contrary to the requirement of the law.

That the Farmers' Home Administration Act of 1946, transferring powers and functions to and empowering the Secretary of Agriculture to liquidate the assets of such Farm agencies, their Re-settlement and Rehabilitation projects, also contains the direction, that any such "conveyance of real estate by the Government or any Government agency under this Act shall include all mineral rights." That this provision was merely in line with the original provisions of the entire legislation to the effect that the plaintiffs were to receive quitclaim deeds free and clear of any restrictions.

That such unwarranted act by the defendant was illegal and that the plaintiffs have

380

no remedy at law, and that the cloud to their title be removed, and that their suit is not against the United States but merely against the Department of Agriculture as administered by the Secretary thereof, and that such Secretary be compelled to deliver to each of these plaintiffs a title to the minerals underlying the respective tract of each.

There are many other details in the twenty-one pages of the bill.

The United States Attorney moves to dismiss, or, in the alternative, to quash the service against Secretary Anderson, because he is not an inhabitant of the Northern District of Texas, but is an inhabitant of the District of Columbia and cannot be sued in the Northern District of Texas. The plaintiff answers that contention by saying it is a local action and that the Judicial Code permits and directs such local actions to be brought in the division of the district where the property is situated.

█ Without stopping to waste words over a proposition that is well established concerning the right to sue the government, which proposition may be no longer disputed, this case falls in a different category. The government has already consented to be sued, by requiring its executive officers who are charged with carrying out what it provided in the statutes, with not having followed such statutory direction. The plaintiffs plead a cause of action which shows that the equitable title vests in them by reason of what had been done. All that remained was that such equity should be recognized by the giving of a formal quitclaim deed, "without reservations or restrictions. The formal quitclaim deed was given but restricted and reserved the amount of minerals so that a portion of such mineral rights remained in the government. That, says the plaintiff, was an illegal and unlawful act by the regional director of the Agricultural Department of which Mr. Anderson was the Secretary. The case comes directly within such territory as has been assigned for such cases, as is shown by Lane v. Watts, 234 U.S. 525, 34 S.Ct. 965, 58 L.Ed. 1440; Payne v. Central Pacific, R. Co., 225 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598; United States v. Lee, 106 U.S. 196,

1 S.Ct. 240, 27 L.Ed. 171; Work v. United States, ex rel. Rives, 54 App.D.C. 84, 295 F. 225; National Remedy Co. v. Hyde, 60 App.D.C. 252, 50 F.2d 1066; United States ex rel. Warren v. Ickes, 64 App.D.C. 27, 73 F.2d 844; Township of Franklin Somerset County, N.J., v. Tugwell, 66 App.D.C. 42, 85 F.2d 208; Magruder v. Belle Fourche Valley Water Users' Ass'n, 8 Cir., 219 F. 72; Mecca Land & Exploration Co. v. Schlecht, D. C., 4 F.2d 256; Rosenberg Bros. & Co. v. United States Shipping Board, D. C., 295 F. 372; McComb v. United States Housing Corp., D. C., 264 F. 589; Jamestown Veneer Corp. & Plywood Corp. v. National Labor Relations, D. C., 13 F.Supp. 905; Sawyer v. Osterhaus, D. C., 195 F. 655; Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Payne v. Central Pacific R. Co., 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598; Barr v. Rhodes, D. C., 35 F. Supp. 223.

The course suggested by some of the above cases seems a wise one to follow, namely, that a preliminary motion to dismiss should be deferred until all material facts are before the court. In addition to the facts to which the above citations largely relate, is the allegation that the Regional Director executed the insufficient and concealing quitclaim deeds. It may be that the plaintiffs would like to amend and make him a party.

The next interesting suggestion made in the motion to dismiss, is in the alternative, and calls for the quashing of service against defendant Anderson, whom, it is alleged, is a resident of the District of Columbia and may not be sued in the Northern District of Texas. Attention is called to the amendment of the Judicial Code passed in 1936 with reference to what shall be done with the suit which depends upon diversity of citizenship alone. Such a suit must be brought either in the residence of the plaintiff, or, the defendant. In the same Judicial Code are provisions which define and permit local actions to be brought where the real property is situated, provided, of course, diversity, or, the other judicial question, makes the case recognizable in a national court. In that Code is also a provi-

sion for the fixing of liens and the removal thereof as well as the removal of cloud from the title, and other rights unnecessary now to name. Judicial Code, §§ 50—57, Title 28 U.S.C.A. §§ 111 to 118, inclusive.

Sec. 57 of the Judicial Code, being the same Section that is sometimes known as "111 to 118," from which the above observation was taken, provides for absentee service. In Matarozzo v. Hustis, D. C., 256 F. 882, 886, it is stated, "When the suit is of a local nature and involves reaching real estate * * * it must be brought in the district in which such property is situated * * * and the court in which suit is brought has jurisdiction of all the property." Supporting cases are cited. All acts relating to real property are local actions. The presence of the property is essential to the exercise of jurisdiction. In the case at bar the jurisdiction is entirely within the Wichita Falls division of this court where the property is situated and where all the plaintiffs reside, though the residence of the plaintiffs is really immaterial. Wilhelm v. Consolidated Oil Co., 10 Cir., 84 F.2d 739; Chase v. Wetzlar, 225 U.S. 79, 32 S.Ct. 659, 56 L.Ed. 990; Crichton v. Wingfield, 258 U. S. 66, 42 S.Ct. 229, 66 L.Ed. 467; Carney v. Commonwealth Oil & Gas Co., D. C., 5 F.Supp. 304.

It is quite possible that the plaintiffs could apply directly to Congress and secure from Congress a further direction to the Regional Director, or, the Secretary of Agriculture, to give such muniment of title to these plaintiffs as the statute required, but advice of that sort does not come within the judicial duty of the court. It is thought that the service made upon the Secretary of Agriculture is sufficient under the statutes as they now exist.

At any rate, with the lights that are now before me, and without any information as to the position of the Regional Director, or, the Secretary of Agriculture, with reference to the alleged failure to comply with the direction of the government concerning the sort of deed that should have been given to each of these plaintiffs, the motion to dismiss and to quash service is, and are, overruled.