**HUNTER et al. v. ANDERSON.**

Civ. No. 384.

District Court, N. D. Texas,
Wichita Falls Division.

Nov. 20, 1947.

Jack Connell, of Wichita Falls, Tex., for plaintiffs.

Oscar Morris Harrell, Asst. U. S. Dist. Atty., of Dallas, Tex., for defendant.

ATWELL, District Judge.

The government purchased in Wichita County, Texas, 5,600 acres of land, in January, 1937. It was divided into approximately 90 units. There are approximately 80 plaintiffs in this suit (see Hunter v. United States Dept. of Agriculture, D.C., 69 F.Supp. 377), who were invited to and did become residents on such land and possessed of such units. After moving there they were required to make certain reports each year as to what crops and chickens and hogs and cattle they had raised during the year preceding, and what they proposed to raise during the coming year. They were told they would be given an opportunity to buy the property and they were given a physical examination. They were required to pay one-fourth of the cotton and one-third of the feed or feed crop to the United States each year. Community

meetings were held. Sometimes such meetings were in the open air, then in an old store, and then in a community house. Various representatives of the government appeared and continued to represent their right to a deed if they worked out satisfactorily the units under the agreements of the Government representatives. Some deeds were received in July, 1943 and the remainder in January, 1944.

There was no written contract. The agreement was simply by word of mouth upon which the plaintiffs acted. They were not told that they would get all of the minerals. They were told they would get one-fourth. When the deeds were given they gave a note for the purchase price and borrowed money for operating capital.

The Federal bureaus which seemed to have jurisdiction in such proceedings, were the Farm Security Administration, the Resettlement Administration and others.

The deeds which they received were quit-claims and reserved three-fourths of the minerals, vesting one-fourth in the plaintiffs. There was a provision in the Act, 7 U.S.C.A, § 1001 et seq., relating to the placing of title in those who were found to be fit and who earned their right to become owners by their observance of the requirements that they should be given an opportunity for a deed without any reservation in the same. Later, those senior bureaus under which such settlements and farming rights were offered to people coming within the description in the legislation, were abolished and the Secretary of Agriculture, in the Act of 1946, was directed to complete the unfinished work of those bureaus and, notwithstanding any other provisions of the law, to complete the projects in accordance with the provisions of the consolidating Act, executing deeds without reservations.

The foregoing, I find to be facts.

 The defendant seeks to defeat this suit to remove the cloud from the mineral title of each of the plaintiffs, because

(a) the Secretary of Agriculture cannot be sued in this jurisdiction. The suit is not on a transitory cause, but on a local cause and is properly brought here. See 69 F.Supp. 377, supra.[1]

(b) The carrying out of the liquidation program is discretionary. It seems to me that it is ministerial and must be done in accordance with the directions of the Congress.

(c) The Act giving him authority is not retroactive, nor is the general Act relating to mineral holdings of the government repealed, that Act requires the retention of an interest in such right to the government. The Consolidation Act does say, however, "not withstanding any other provisions of the law," which, together with the language of the Congress in passing such Act, shows the intention to be to execute to such farmers a complete deed without any reservations whatever.

 When the intention of the Congress is clearly indicated by Acts which apparently conflict, it is the duty of the court to make such construction as will express the real intention of the Congress. Such adjudication may be assisted by Congressional debate or argument, and by an appropriate analysis of the legislation.

(d) There was no binding "contract" between the sovereignty and the farmer. The Act says, "contract or agreement." Those two words were not used as synonymous. They were intended to convey different meanings. The Congress probably had in mind the people who would care to take advantage of such an opportunity and knew that a general understanding which could easily be denominated an "agreement" which stemmed from an invitation to make application, would be best suited to them. Both the sovereignty and the citizen acted. They acted together. Their actions were in harmony, leading to the result that the Congress desired to secure, namely, a habitation and place of residence and physical and mental growth into independence of such settlers so called and invited.

(e) They were told that they would only get one-fourth of the mineral rights by the local officials who were leading them into this project, was without authority of the law and the Congress, which had the complete authority to order the executive agency with reference to the completion of the settlers' title and is the binding force. Upon this the plaintiffs had a right to rely and

---

[1] See Williams v. Fanning, 68 S.Ct. 188.

against any other reservation they had a right to protest as they did here, both to their Congressional representative and in this suit.

It would be unthinkable to require them to live upon property for several years in accordance with directives issued by a bureau representative, and then to move off, if such representative did not follow the instructions of the Congress with reference to the execution of a deed, and, thereby cause them to lose their labors and efforts for a slice of such time proportion.

The entire project is a child of the depression and was for relief and rehabilitation purposes.

The appeal to the equity power of the court to remove this cloud, must be granted, and an appropriate decree will be prepared, saving such exceptions as the defendant may desire.