# ELLENWOOD *v.* MARIETTA CHAIR COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 234. Argued April 11, 15, 1895. — Decided May 6, 1895.

By the law of those States of the Union whose jurisprudence is based on the common law, an action for trespass upon land can only be brought within the State in which the land lies.

A count alleging a continuing trespass upon land, and the cutting and conversion of timber growing thereon, states a single cause of action, in which the trespass upon the land is the principal thing, and the conversion of the timber is incidental only ; and cannot be maintained by proof of the conversion, without also proving the trespass upon the land.

A court sitting in one State, before which is brought an action for trespass upon land in another State, may rightly order the case to be stricken from its docket, although no question of jurisdiction is made by demurrer or plea.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Whitney*, with whom was *Mr. George L. Sterling* on the brief, for plaintiff in error.

*Mr. A. D. Follett*, with whom was *Mr. R. A. Harrison* on the brief, for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This action was brought in the Circuit Court of the United States for the Southern District of Ohio, by one Walton, administrator of the estate of Latimer Bailey, deceased, and a citizen of New Jersey, against the Marietta Chair Company, a corporation of Ohio.

The original petition contained two counts; one count alleging that the defendant, on January 1, 1875, and on divers days between that day and May 4, 1885, in the lifetime of Bailey, unlawfully and with force broke and entered upon a tract of land in the county of Pleasants and State of West Virginia, owned and possessed by Bailey, and, by cutting and hauling timber thereon, cut up, obstructed, incumbered and devastated the land, and cut down, removed and carried therefrom a large quantity of timber, and converted and disposed of it to the defendant's own use; and the other count alleging that the defendant, on the days aforesaid, unlawfully took and received into its possession a large quantity of logs, the property of Bailey, and then lately cut and removed from that land, and converted and disposed of the same to its own use.

A motion by the defendant, that the plaintiff be required to make his complaint more definite and certain, was ordered by the court to be sustained, "unless the plaintiff amend his petition so as to show that the trespass complained of was a continuous trespass between the times mentioned in the petition."

The plaintiff thereupon, by leave of the court, filed an amended petition, containing a single count, alleging Bailey's ownership and possession of the land, and of the timber growing thereon; and that, on January 1, 1875, " and on divers other days from time to time continuously between that day and " May 4, 1885, sundry persons, knowing the land and the timber thereon to be Bailey's property, without any right or authority from him, and at the instance and for the use and benefit of the defendant, cut down and removed and sawed into logs a large quantity of the timber, and the defendant, knowing the logs to be cut from the land, and both land and logs to be Bailey's property, took the logs into its possession and converted them to its own use.

After the filing of an answer denying the allegations of the amended petition, and before the case came to trial, the court, upon Ellenwood's suggestion that Walton's letters of administration had been revoked, and Ellenwood had been appointed administrator in his stead, entered an order reviving the action in the name of Ellenwood as administrator; but afterwards adjudged that this order be set aside, and that the action be abated and stricken from the docket. This writ of error was thereupon sued out in the name of Walton, and was permitted by this court to be amended by substituting the name of Ellenwood. *Walton* v. *Marietta Chair Co.*, 157 U. S. 342.

Various grounds taken by the defendant in error in support of the judgment below need not be considered, because there is one decisive reason against the maintenance of the action.

By the law of England, and of those States of the Union whose jurisprudence is based upon the common law, an action for trespass upon land, like an action to recover the title or the possession of the land itself, is a local action, and can only be brought within the State in which the land lies. *Livingston* v. *Jefferson*, 1 Brock. 203; *McKenna* v. *Fisk*, 1 How. 241, 247; *Northern Indiana Railroad* v. *Michigan Central Railroad*, 15 How. 233, 242, 251; *Huntington* v. *Attrill*, 146 U. S. 657, 669, 670; *British South Africa Co.* v. *Companhia de Moçambique*, (1893) App. Cas. 602; *Cragin* v. *Lovell*, 88 N. Y. 258; *Allin* v. *Connecticut River Co.*, 150 Mass. 560;

*Thayer* v. *Brooks*, 17 Ohio, 489, 492; Kinkead's Code Pleading, § 35.

The original petition contained two counts, the one for trespass upon land, and the other for taking away and converting to the defendant's use personal property; and the cause of action stated in the second count might have been considered as transitory, although the first was not. *McKenna* v. *Fisk*, above cited; *Williams* v. *Breedon*, 1 Bos. & Pul. 329.

But the petition, as amended by the plaintiff, on motion of the defendant, and by order and leave of the court, contained a single count, alleging a continuing trespass upon the land by the defendant, through its agents, and its cutting and conversion of timber growing thereon. This allegation was of a single cause of action, in which the trespass upon the land was the principal thing, and the conversion of the timber was incidental only; and could not, therefore, be maintained by proof of the conversion of personal property, without also proving the trespass upon real estate. *Cotton* v. *United States*, 11 How. 229; *Eames* v. *Prentice*, 8 Cush. 337; *Howe* v. *Willson*, 1 Denio, 181; *Dodge* v. *Colby*, 108 N. Y. 445; *Merriman* v. *McCormick Co.*, 86 Wisconsin, 142. The entire cause of action was local. The land alleged to have been trespassed upon being in West Virginia, the action could not be maintained in Ohio. The Circuit Court of the United States, sitting in Ohio, had no jurisdiction of the cause of action, and for this reason, if for no other, rightly ordered the case to be stricken from its docket, although no question of jurisdiction had been made by demurrer or plea. *British South Africa Co.* v. *Companhia de Moçambique*, (1893) App. Cas. 602, 621; *Weidner* v. *Rankin*, 26 Ohio St. 522; *Youngstown* v. *Moore*, 30 Ohio St. 133; Ohio Rev. Stat. § 5064.

*Judgment affirmed.*