GABRIEL CAPÓ CINTRÓN ET AL., Plaintiffs and Appellees, *v.*
A. HARTMAN & Co. ET AL., Defendants and Appellants.

No. 5325.   Argued January 21, 1931.—Decided February 17, 1931.

*Tous Soto & Zapater* and *Carlos J. Torres* for appellants.   *José A. Poventud, Alberto S. Poventud, F. Parra Capó* and *E. Capó Cintrón* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The complaint herein was filed in the District Court of Ponce in an action entitled for the recovery of fruits and income of certain rural properties. The plaintiffs allege that they are the heirs of Rosario Cintrón Sánchez widow of Capó; that, until she died, the decedent had been the owner of the two properties which are described in the complaint situated in Guayama and which up to a certain date

had been wrongfully possessed by the defendants; that plaintiffs' ancestor was declared by final judgment to be the owner of said properties, and that during the time those properties had been in the possession of the defendants the same had produced fruits, the value of which, estimated at a certain sum, is claimed; and they pray that the defendants be adjudged to pay jointly and severally the amounts so claimed.

Some of the defendants moved for a change of venue to the District Court of San Juan because they resided in that district and because a personal action was involved. The District Court of Ponce entered an order accordingly on March 21, 1930, but on March 29, 1930, on motion of the plaintiffs, the court reconsidered that order and directed that the case be transferred to the District Court of Guayama, basing its action on sections 75 and 79 of the Code of Civil Procedure, on our judgment in *Oliver* v. *Jayuya Development Co.*, 24 P.R.R. 777, and the case of *Ellenwood* v. *Marietta Chair Co.*, 158 U. S. 105, 39 L. ed. 913. An appeal has been taken from that decision by the defendants, who maintain that the District Court of Ponce erred in ordering the change of venue to Guayama without a motion to that effect having been made by any of the defendants, and that it also erred in ordering the transfer to Guayama instead of to the District Court of San Juan, as requested by the appellants.

The appellees contend in their brief that the appeal should be dismissed because the transcript of record filed has not been certified by the clerk of the District Court of Ponce but by the clerk of the Court at Guayama, and because it fails to include the order entered which is the object of this appeal.

The appeal from the order granting the change of venue did not stay proceedings on that order, according to section 299 of the Code of Civil Procedure, and therefore as the record was in the District Court of Guayama, pursuant to the said order, when the transcript was certified by the clerk of that court, it devolved on him to sign the certified tran-

script, since the District Court of Guayama was then the court with jurisdiction. To hold otherwise would be to destroy the right of appeal granted by the statute, as the clerk of the District Court of Ponce could not at all certify the transcript, since the said record was not in that court. The case of *Rodríguez* v. *Rodríguez,* 32 P.R.R. 618, cited by the appellees, has no application here, because although it was stated in that case that the record was not certified to us by the clerk of the district court which had decreed the change of venue but by the clerk of the court to which the case had been transferred, that, however, was not the ground upon which the appeal was dismissed, but because the appeal had not been notified to the clerk of the court in which the order appealed from was entered, as required by section 296 of the Code of Civil Procedure.

The other ground urged for the dismissal of this appeal can not be sustained either, because as this is not an appeal from a judgment—in which case the judgment must have been entered in the "judgment book" as provided by section 231 of the Code of Civil Procedure, and the judgment thus entered copied into the transcript—but from an order, no entry of the order in the said book was required, since subdivision 3 of section 295 of the same code allows an appeal from an order within a certain time after the order is entered on the minutes of the court or filed with the clerk. In the present case, it appears from the record that the order appealed from was filed in the office of the clerk of the District Court of Ponce, as that officer notified it to the attorneys for the parties.

Let us turn to the other grounds of appeal urged.

Although subdivision 2 of section 104 of the Code of Civil Procedure provides that the plaintiff may join several causes of action arising out of claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same; and we have held that a claim for fruits of an

estate, wrongly withheld or possessed by a defendant, may be joined with an action for the recovery of the estate, yet such provisions and such ruling are not applicable to the present case, which does not involve an action of revendication but a separate action to recover the rents and profits of the properties, whose ownership and restitution are claimed to have been finally adjudged in a previous action. Nor can any application be made here of section 285 of the same code, also cited by the appellees, as that section refers to the case where damages are claimed for withholding the property recovered, upon which permanent improvements have been made by a defendant holding under color of title adversely to the claim of the plaintiff, when the value of such improvements must be allowed as a set-off against such damages.

The question in the case at bar is whether the proper court in which to try the action is the District Court of Guayama because the fruits claimed in the action are situated in such district, and in order to decide this question it becomes necessary to determine whether the action prosecuted is a personal action or a real action, and whether, notwithstanding its being a personal action, it has however a situs fixed by law for the trial thereof. Section 75 of the Code of Civil Procedure, in its pertinent part, reads as follows:

"Sec. 75.—Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code: .

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. . . . ."

The action in the instant case is not for the recovery of real property, or of an estate, or interest therein, or for the determination in any form of such right or interest. Its purpose is to claim the fruits produced by the two properties in question during the time the defendants had been in possession thereof while the same belonged to plaintiffs' ancestor.

Nor is it sought thereby to recover damages for injuries caused to real property by the defendants, since the complaint does not allege such damages and plaintiffs' failure to receive the fruits from those properties might be an injury to the claimants, but not to the immovables, as required under said section 75. Hence the present action does not come within the purview of that section in the sense that it must be tried in the District of Guayama, where the properties involved are located. The case of *Oliver* v. *Jayuya Development Company, supra,* is not in point, because there damages on the property were alleged by reason of its being occupied by defendant's laborers and cattle.

Section 79 of the cited Code, as amended by Act No. 34 of 1928 (Session Laws, p. 224), is likewise inapplicable, because although it is therein provided that actions to recover damages under section 1803 of the Civil Code must be tried in the district where the cause, or some part thereof, arose, the action herein is not the one referred to in said section 1803 granted as against any person who by an act or omission causes damage to another by his fault or negligence, but the one contemplated by sections 361, 365 and 1062 of the Civil Code, which provide in effect that the fruits of a thing whether natural, cultivated or civil belong to the owner; that they do not belong to the mere possessor, and shall be returned together with the thing to the owner thereof who claims the same, unless the possessor occupied the thing in good faith; and that the creditor has a right to the fruits of a thing from the time the obligation to deliver it arises.

In short, a personal action is involved in the present case, which is being prosecuted independently of the action of revendication already decided and for which no situs as depending upon the place where the properties involved are located is provided by the Code of Civil Procedure. Hence the case was improperly transferred to Guayama.

In view of the above conclusions reached by us, it is un-

necessary to consider the second ground of appeal urged, as has been admitted by the appellants.

By reason of all the foregoing, the order of March 29, 1930, reconsidering the previous order of March 21 of the same year must be reversed.