## RACKOW v. UNITED EXCAVATING CO., Inc.

### Civil Action No. 3447.

District Court, D. New Jersey.
Sept. 11, 1946.

Devoe Tomlinson, of Newark, N. J., and Richard C. Faber, of Jamaica, N. Y., for plaintiff pro hac vice.

Orlando H. Dey, of Rahway, N. J., for defendant.

MEANEY, District Judge.

This action was brought by plaintiff against the United Excavating Company for trespass upon certain lands and for conversion of earth taken therefrom between July and August of 1943. The matter is before this court by virtue of the diversity of citizenship of the parties, the amount in controversy being in excess of $3,000. '

The complaint is in three counts, the first alleging that the plaintiff is the owner and in possession of certain lands on Staten Island, in the State of New York, and that during the months of July and August, 1943, the defendant company trespassed on the said land of the plaintiff. The second count repeats the allegations of the first count and further alleges that the trespass was wilful, and demands treble damages.

The third count alleges a conversion of the plaintiff's property. Paragraph one thereof repeats so much of the allegations of Count One as relate to diversity of citizenship and ownership of the land in question. Paragraph two of the third count alleges conversion in the following language:

"2. In the months of July and August, 1943 the defendant unlawfully and wrongfully dug up from the said lands of the plaintiff, removed therefrom and converted to its own use, large quantities of top soil, earth, sand, and gravel, belonging to the plaintiff and of the value of $50,000.00"

The matter is now before this court as a result of a pre-trial conference granted at the request of the counsel for the defendant, and has not been heard in open court. No formal motion papers have been filed. The defendant nevertheless has treated the hearing as a motion to dismiss the complaint on the grounds that the court has no jurisdiction over the subject matter.

The facts, as they apply to the present proceedings, briefly set forth, are as follows: The defendant excavating company, by written agreement with persons claiming to own land on Staten Island, procured earth to use as fill during construction of the "Big Inch" pipe line. One of such agreements, made with one, Ellis, an alleged stranger to plaintiff's title, related to property allegedly owned by the plaintiff. Pursuant to that agreement, defendant entered upon plaintiff's land and removed 19,685 cubic yards of earth, bank measurement, and carted it off to the pipe line location.

Plaintiff thereafter filed her complaint alleging trespass in counts one and two, and conversion in count three.

At the pre-trial conference, counsel for the plaintiff stated that counts one and two would be abandoned and that plaintiff would proceed solely upon the third count.

Defendant contends, nevertheless, that even proceeding solely on the third count, the action is one relating to real property and is local in nature and may not, therefore, be tried in any jurisdiction outside the state or county in which the land is located. Plaintiff conversely contends that the earth which was dug up became personalty, that the action is one in trover and conversion of personalty, and may be tried wherever the defendant may be found.

It is conceded by the defendant that the general rule is that where an action in its essential features is related to personal property, it is transitory and may be brought in any jurisdiction in which the defendant can be found and served with process.

Defendant insists, however, that this case upon its facts is not within that rule, but falls within the decision of the United States Supreme Court in Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913, in which the court held that where the principal thing for which recovery is sought is the trespass upon the land and the conversion is only incidental to such trespass, it is still to be regarded as local. In that case the original petition contained two counts, the one for trespass upon the land, and the other for taking away timber and converting it to the defendants personal use. The petition on order of the court was amended, and as amended contained a single count alleging ownership and possession of the land and of the timber growing thereon, and that on

January 1, 1875, "and on divers other days from time to time continuously between that day and" and May 4, 1885, sundry persons for the benefit of the defendant cut and removed and sawed into logs a large quantity of timber, taking and converting it to the defendants' use. This was held by the court to be a single action, with trespass upon the land the principal thing and the conversion incidental only; and could not, therefore, be maintained by proof of the conversion of personal property, without also proving the trespass upon the real estate.

The Ellenwood case, supra, was cited and distinguished in Stone v. United States, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127, in an action brought to recover the reasonable value of certain timber and railroad ties manufactured from trees alleged to have been unlawfully cut by the defendant from certain lands in Idaho, of which the United States was the averred owner. In the Stone case the action was brought in the District Court of the United States for the State of Washington, although the timber allegedly converted was from lands in Idaho.

In distinguishing the Ellenwood case the court stated (page 182 of 167 U.S. 178, 17 S.Ct. 779, 42 L.Ed. 127):

"It is contended in behalf of Stone that, as the lands from which the trees were alleged to have been unlawfully cut are in Idaho, the action is local to that state, and the district court of the United States for the district of Washington was without jurisdiction. Ellenwood v. Marietta Chair Co. (supra) is cited as an authority for this proposition. But that case proceeded upon the theory that the allegations of the petition, at the time it was tried, presented a single cause of action, in which the trespass upon the land was the principal thing, and the conversion of the property was incidental only, and, therefore, that the entire cause of action was local. In the present case the petition, it is true, avers that the United States was the owner of the lands from which the trees were cut, but the gravamen of the action was the conversion of the lumber and the railroad ties manufactured out of such trees; and a judgment

was asked, not for trespass, but for the value of the personal property so converted by the defendant. The description in the petition of the lands and the averment of ownership in the United States were intended to show the right of the government to claim the value of the personal property manufactured from the trees, illegally taken from its lands. Although the government's denial of the ownership of the land made it necessary for it to prove its ownership, the action in its essential features related to personal property, was of a transitory nature, and could be brought in any jurisdiction in which the defendant could be found and served with process. And a suit could have been brought to recover the property wherever it could be found."

Compare also the case of Peyton v. Desmond, 8 Cir., 129 F. 1, where the holding of the Stone case was cited and followed.

In United States v. Ute Coal & Coke Co., 8 Cir., 158 F. 20, the United States brought an action for trespass and conversion. There were two counts in the complaint, one for entering upon the land, extracting therefrom, carrying away and converting 210,030 tons of coal of the value of $630,090, and the other for the taking and converting 210,030 tons of coal of the value of $630,090. No damage to the land other than the conversion of the coal was alleged, and the proof was that both counts were for the conversion of the same coal. Error was alleged in that the lower court refused to submit the cause of action set forth in the first count to the jury. This was ruled to be no error because the two counts stated the same cause of action. In ruling that there was no error the court stated (page 22):

"The gist of the cause of action set forth in each was the conversion of the coal, and the only damages claimed in either was the loss of the value of the coal. The averment of trespass upon the land in the first count was mere inducement to the actual cause of action—the conversion—and proof of the title to the land, of the trespass, and of the taking was admissible without averments to prove the plaintiff's title to the coal and its conversion. The cause of action for trespass upon the land, and for

the taking from it and conversion of coal, timber, or other personal property wherein the only damage alleged is the loss of the value of the personal property converted is the same in legal effect as a cause of action for the conversion of the personal property." Citing Stone v. United States; and Peyton v. Desmond, supra.

While no question of jurisdiction was involved in the above case, the holding therein is of value in determining whether the instant case is one of a local or transitory nature, since such determination is dependent upon whether the cause of action set forth in the third count is essentially in the nature of a cause of action for the conversion of personal property, and hence transitory, or for trespass to land and, therefore, local only.

It is my opinion that the remaining count in the instant action falls within the holding in the Stone case, supra. The gravamen of the complaint, as it now remains after abandonment of counts one and two, is the conversion of the earth, and judgment is asked not for the trespass, but for the value of the personal property so converted by the defendant. The averment of title to the land by the plaintiff is intended to show the right of the plaintiff to claim the value of the earth illegally removed and converted from its lands.

It is my determination, therefore, that the complaint, as it now remains after abandonment of counts one and two, sets forth a cause of action for the conversion of personal property, is transitory in nature, and is proper subject matter for the jurisdiction of this Court.

The first and second counts of the complaint, by consent of counsel, are herewith dismissed and the third count remains for trial.