JOHN H. McCORMICK et al.

*v.*

DAVE L. BROWN et al.

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

ROBERT H. CRAWFORD and JOE F. TIMBERLAKE, Chattanooga, for plaintiffs.

GOINS & GAMMON, Chattanooga, for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The question in this case is whether or not the Court of Tennessee has jurisdiction of a cause of action for injuries to real estate situated in the State of Georgia where also the cause of the injury occurred.

John H. McCormick and wife filed their declaration against the defendants in Hamilton County, Tennessee, and there obtained personal service of process upon the defendants. They aver that they are the owners of a residence in Walker County, Georgia, that the defendants operated a stone quarry in said county a short distance south of said residence and that as a result of the blasting operations at said quarry their residence has been damaged.

The first count is based upon negligence, the second count—upon *"trespass quare clausum fregit,"* and the third count on nuisance existing by reason of the continuous loud noise about the quarry.

Defendant filed its plea in abatement on the ground that the subject matter of the action is a tract of land lying wholly in Walker County, State of Georgia, and that the Court in Tennessee has no jurisdiction. Plaintiff demurred to said plea in abatement. The Trial Court overruled said demurrer to the plea in abatement and plaintiff has appealed.

The question is fully briefed in 42 A.L.R., 196 *et seq.* It would not seem necessary to enter into an extended discussion of the matter. The general rule is stated on page 197 to the effect that it is established by the great majority of English and American decisions (Note, as will appear subsequently, there are some decisions to the contrary) that an action *ex delicto* based upon a tort against real property is local, and cannot be maintained in a state or county other than that in which the land is located.

On page 200 is stated the origin of the rule, the objections and criticisms of same and it is said, "Probably the clearest explanation of the origin, basis and scope of this rule, and the best statement of objections to it are to be found in the opinion of Marshall, C. J., in the case of *Livingston v. Jefferson,* 1811, 1 Brock, 203, Fed. Cas. 8411." In that case Thomas Jefferson was sued by Livingston for trespass by Jefferson's agents on land in Louisiana belonging to Livingston. The suit was filed in the State of Virginia. The same was dismissed and Marshall in his opinion, severely criticized the rule but felt he was bound to follow the precedents. The few cases which have strayed from the rule are cited on page 201 and one of them, *Little v. Chicago, St. P.M.& O.R. Co.,* 1896, 65 Minn. 48, 67 N.W. 846, 33 L.R.A. 423, is one of the cases relied on by counsel for plaintiff in the instant case. Then on page 203, under the head of Application of the General Rule to Actions of *Trespass quare clausum fregit* the case of *Brown v. Dayton Coal & Iron Co.,* 1912, 3 Tenn. Civ. App. 397. That was a suit in the Chancery Court at Chattanooga by a resident of Tennessee against another resident of Tennessee, for an alleged trespass upon complainant's real estate located in Georgia,

wherein the Tennessee Court held that it had no jurisdiction.

Then on page 205, the question of the application of the general rule to actions of consequential injuries is discussed. It is pointed out that in some cases it has been attempted to make a distinction between a direct trespass and an indirect one, that is, an action on the case, but the great majority make no distinction of this kind and apply the rule to consequential injuries as well as to direct injuries. There is an apparent exception to the application of this rule, however, where the act or omission which caused the injury did not occur in the state or county where the real property is situated. This is typified by our case of *Ducktown Sulphur, Copper & Iron Co. v. Barnes,* Tenn. 1900, 60 S.W. 593. This case is relied upon by plaintiff in error but it will be found that the reason the general rule did not apply was that the copper fumes originated at Ducktown, Tennessee, which floatea over into Georgia and damaged real property of the plaintiffs therein situated.

■ ■ For another discussion of this last case and rule, see—26 L.R.A., N.S., 937. It is stated also that the rule has been frequently applied to actions based on negligence or nuisance. Therefore, under any theory that may be taken of the declaration in this case, since the act or omission and the injury both occurred in the State of Georgia, the action must be held to have been local and not transitory, as the same is defined in the case of *Mattix v. Swepston,* 127 Tenn. 693, 155 S.W. 928, which definition was taken from the case of *Livingston v. Jefferson, supra,* which definition is that the actions are transitory where the transactions on which they are founded might have taken place anywhere, but are local

where the cause is in its nature, necessarily local.

Both counsel have cited certain other Tennessee cases but we do not deem it appropriate to discuss them because they involve questions of venue rather than of jurisdiction.

The judgment below is affirmed.