**Hubert STILL et al., Plaintiffs-Appellants,**

v.

**ROSSVILLE CRUSHED STONE COMPANY, Inc., Defendant-Appellee.**

No. 16834.

United States Court of Appeals
Sixth Circuit.

Dec. 29, 1966.

Joe Timberlake, Chattanooga, Tenn., for appellants.

Frank M. Gleason, Rossville, Ga. (Morgan & Garner, Chattanooga, Tenn., on the brief), for appellee.

Before PHILLIPS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiffs-appellants are residents of the State of Georgia and brought this action for damages to their Georgia residence properties and for an injunction restraining the defendant-appellee Tennessee corporation from doing certain acts in Georgia in the United States District Court for the Eastern District of Tennessee. Jurisdiction was based on diversity of citizenship, and plaintiffs-appellants have perfected this appeal from an order of the District Court dismissing the cause for lack of jurisdiction.

■ The learned District Judge properly held that the doctrine announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), under which the substantive law of a state was held to be controlling upon a federal court sitting therein, has application. Plaintiffs-appellants argue that the doctrine of *Erie Railroad Co.* does not have application because we are here concerned not with mere substantive law but with a jurisdictional issue, urging that no state by legislative action or judicial determination can destroy jurisdiction established by Congress or the Constitution. This argument makes it pertinent to point out the distinction between jurisdiction and venue. Jurisdiction is the power to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the convenience of the litigants. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); see also 1 Barron & Holtzoff Federal Practice and Procedure (Wright Ed.), § 71. The power to adjudicate being here present, it becomes pertinent to determine whether under the law of Tennessee judicial authority could be there exercised over the subject matter of this cause.

In no situation could the law of the forum be more easily determined than here, since its law was recently established in a case involving two of the present plaintiffs-appellants seeking recovery for damages to a portion of the property alleged herein to have been damaged by blasting at the stone quarry at which the actions giving rise to the present cause occurred. [McCormick v. Brown, 201 Tenn. 166, 297 S.W.2d 91 (1956)]. As stated by the District Court, "The *McCormick* case firmly establishes the law in Tennessee to be that an action for injury to real estate is local and if the real estate is located in another state Tennessee courts have no jurisdiction." See also Livingston v. Jefferson, 15 Fed.Cas. p. 660, 1 Brock. 203 (1811), a landmark case of identical concept, and Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895).

■ It being here determined that the law of the State of Tennessee is control-

ling and that such law requires the bringing of an action for injury to real estate in the jurisdiction wherein it is situate, it follows that the judgment of the District Court should be and it is affirmed.