T. G. GRAHAM, and wife, Naomi Graham, Ray Cross, Arling Lail, Larue Lang and Myrl Johnson,

v.

HAMILTON COUNTY, a Political Subdivision of the STATE OF TENNESSEE.

Civ. A. No. 4821.

United States District Court

E. D. Tennessee, S. D.

March 31, 1967.

———◆———

S. Del Fuston, Chattanooga, Tenn., for plaintiffs.

Robert C. Hunt, Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

## OPINION

This is an action for "reverse condemnation", wherein the plaintiffs seek damages for alleged destruction of an easement of way. Plaintiffs allege that they are citizens of Georgia and other foreign staes and are owners of real property situated in Dade County, Georgia. It is their complaint that the State of Tennessee has, by the construction of Interstate Highway 24, substantially destroyed plaintiffs' right of access over Windy Gap Road to Tennessee Highway 134. The case is before the Court upon the motion of defendant, a political subdivision of the State of Tennessee, to dismiss the complaint upon the grounds that (1) the complaint fails to state a ground upon which relief can be granted, (2) the Court lacks jurisdiction of the subject matter, (3) the action contravenes the Eleventh Amendment, United States Constitution, (4) the action is local and must be brought in the jurisdiction where the land lies, and (5) the action is not authorized by Tennessee law.

It is appropriate to first take up the issue of jurisdiction of the subject matter, for if the Court lacks jurisdiction, it can proceed no further. Defendant mounts a two-pronged attack upon the jurisdiction of the Court. One of de-fendant's contentions is that an action for damages to real property is local and must be brought in the jurisdiction where the land lies. At first glance, it would appear that this case would be controlled by the principles of Still v. Rossville Crushed Stone Company, (C.A.6, 1966) 370 F.2d 324, a case which originated in this court. There the plaintiffs were residents of Georgia who brought an action for damages to Georgia residence properties allegedly caused by defendant, a Tennessee corporation, and for injunctive relief restraining defendant from doing certain acts in Georgia. The action was dismissed in this court on the basis that the doctrine of Erie Railroad Co. v. Tompkins, (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, required the Court to apply Tennessee law to the effect that an action for injury to real property is local and Tennessee courts have no jurisdiction over such an action if the property in question is in another state. See McCormick v. Brown, (1956) 201 Tenn. 166, 297 S.W.2d 91. This reasoning was approved by the Court of Appeals and the case affirmed.

Defendant contends that the Court must apply the *McCormick* rule in the instant case as well. However, for a State to take property for public use without just compensation would be a deprivation of due process of law and would violate both the Constitution of the United States (Amendment 14, Section 1) and the Constitution of the State of Tennessee (Article 1, Section 21). The Court is aware of no consent, statutory or otherwise, given by the State of Tennessee for itself or its political subdivisions to be sued in a foreign jurisdiction for damages for a taking under the power of eminent domain. Consequently, denial of access to Tennessee courts to adjudicate the issues of taking and damage could result in an unconstitutional taking of property. Accordingly, the Court is of the opinion that the Tennessee courts would not, and constitutionally could not, apply the *McCormick* rule to bar this action had it been brought in a state court. Thus the Court

is of the opinion that it would not lack jurisdiction of the subject matter of this action by reason of the fact that the real property alleged to have been damaged lies in Georgia.

Defendant's second argument against jurisdiction is grounded in the Eleventh Amendment of the United States Constitution, which provides that:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *."

The formal defendant in this case is not the State of Tennessee, but rather Hamilton County. Ordinarily, the prohibition of the Eleventh Amendment does not apply to actions against counties, municipal corporations or other state agencies. See Lincoln County v. Luning, (1890) 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Markham v. City of Newport News, (C.A.4, 1961) 292 F.2d 711; Louisiana Highway Commission v. Farnsworth, (C.A.5, 1935) 74 F.2d 910; City of Memphis, Tennessee v. Ingram, (C.A.8, 1952) 195 F.2d 338; Pettibone v. Cook County, Minnesota, (C.A.8, 1941) 120 F.2d 850.

However, "the question whether a suit is within the prohibition of the eleventh amendment is not always determined by reference to the nominal parties on the record." In Re Ayers, (1887) 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; Poindexter v. Greenhow, (1885) 114 U.S. 270, 29 L.Ed. 185, 5 S.Ct. 903. This is an especially apt point in the instant situation, because of the somewhat peculiar rules of law in Tennessee relating to actions by landowners claiming a taking of property for highway purposes. It was made clear by the Supreme Court many years ago that the Eleventh Amendment test is one of substance and not of form. As was said in the *Ayers* case:

"Whether (the State of Virginia) is the actual party, in the sense of the prohibition of the constitution, must be determined by a consideration of the nature of the case as presented on the whole record."

Likewise, in the case of Hopkins v. Clemson Agricultural College, (1910) 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890, it was said:

" * * * looking through form to substance, the 11th Amendment has been held to apply, not only where the state is actually named as a party defendant on the record, but where the proceeding, though nominally against an officer, is really against the state, or is one to which it is an indispensable party."

It appears that, in Tennessee, property owners who allege that their property has been taken for highway purposes may file suit against the county where the land lies, but not directly against the State, owing to principles of sovereign immunity. However, it further appears that the State has provided by statute that liability for takings for highway purposes shall be the responsibility of the State, and not of any county, T.C.A. § 54–511. Thus, although suit may not be had directly against the sovereign, the sovereign has unequivocally assumed ultimate liability for highway takings, to the express relief of the nominal obligor, the county concerned. Most enlightening on this subject is the opinion of Mr. Justice (now Chief Justice) Hamilton Burnett in the recent case of Brooksbank v. Leech, (1959) 206 Tenn. 176, 332 S.W.2d 210. In that case the plaintiffs alleged that their property had been taken and damaged incident to construction of a "controlled access facility, commonly called a super highway". Defendant, the Commissioner of Highways and Public Works of the State of Tennessee, demurred on the ground that Article 1, Section 17 of the Tennessee Constitution and Section 20–1702 of the Tennessee Code Annotated prohibit suits against the State or officers of the State acting pursuant to State authority. The Tennessee Supreme Court affirmed the action of the trial court in sustaining the demurrer. However, the Court observed that, in the absence of legislative provision for compen-

sation, the taking of private property for public use would violate the Tennessee and Federal Constitutions. This led to the following conclusion:

"Thus it is upon an examination of the statutes in reference to the construction of State highways we find that in Section 54–506, T.C.A., the Legislature has provided that all judgments and other expenses in condemnation procedures shall be paid out of the general funds of the County 'in which the expenses are incurred'."

The Court re-affirmed that a landowner whose property has been taken for highway purposes "may sue the County where the land lies and there obtain just compensation for the property as taken", notwithstanding the provisions of Section 54–511, hereinafter discussed, and notwithstanding that the property has been taken by the State Highway Commissioner and not the county.

■ However, under the provisions of 54–511, T.C.A., liability for acquisition of land for state or state and federal aid highways devolves upon the State to the exclusion of the respective counties. Section 54–511 provides:

"The state of Tennessee shall be liable for and held to pay through its department of highways and as other highway expenses are paid, for all rights-of-way and damages and costs incident to the acquisition and use of same, whether by condemnation suits or otherwise as provided by existing laws, necessary to the construction of any highway, or parts thereof, designated and adopted by said department as and for a state or state and federal aid highway in the state's system of highways; no county affected by such highways will be liable therefor nor shall any county pay or enter into an agreement to pay any part of such costs."

It is not entirely clear how the State's obligation as provided for in the above is to be enforced. See comments of the Court in Brooksbank v. Leech, supra, and in Baker v. Donegan, (1932) 164 Tenn. 625, 47 S.W.2d 1095, 52 S.W.2d 152. At any rate, whatever the procedure as between county and State for enforcement, the code section quoted makes it clear that liability for a cause of action such as that alleged here ultimately devolves upon the State of Tennessee. Thus the State's interest, although rendered indirect by the mode of procedure described above, is in substance direct and immediate. The suggestion in the *Brooksbank* and *Baker* cases that the county might have resort to the writ of mandamus to enforce the provisions of 54–511 emphasizes the unequivocal nature of the State's obligation under that code section. Accordingly, the Court is of the opinion that the State is the real party in interest in the present action, and is a "party" in the sense of the Eleventh Amendment. This being so, the present action is not within the judicial power of the United States and thus not within the jurisdiction of this Court.

■ Plaintiffs advance two further contentions which should be mentioned. First, plaintiff argues that the United States is the real party in interest, since it provides ninety per cent of the funds for the interstate highway program. The Court is of the opinion that the interest of the United States in this action, taking into consideration the activity of the United States under the provisions of Chapter 1 of Title 23, United States Code (Federal Aid Highways), is too remote to term the United States a "party" to this action. Even if its interest were more direct and consequential, the Court is unpersuaded that this would have the effect of removing the State of Tennessee as a party in interest, or of overriding the Eleventh Amendment.

■ Next plaintiffs contend that the State has "waived" its rights under the Eleventh Amendment. A state may waive its immunity under the Eleventh Amendment, but such waiver is not to be lightly inferred, Petty v. Tennessee-Missouri Bridge Commission, (1959) 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804, and should be clearly established to be effective, Copper S.S. Co. v. State of Michigan, (C.A.6, 1952) 194 F.2d 465. Of

course, the Supreme Court of Tennessee has held that the State is immune from suits by property owners claiming a taking for highway purposes, Brooksbank v. Leech, supra. It would indeed be an anomaly if the State had not waived its immunity in the state courts but had waived its immunity in the federal courts. The Court is of the opinion that it has not done so.

The Court is of the opinion that the action should be dismissed for lack of jurisdiction of the subject matter. An order will enter accordingly.