**NOT FOR PUBLICATION**

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON EUGENIO SANCHEZ RITCHIE, | No. 15-56512 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01513-CAB-KSC |
| v. | MEMORANDUM* |
| SEMPRA ENERGY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before: PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Ramon Eugenio Sanchez Ritchie appeals the district court's grant of

summary judgment to defendant Sempra Energy ("Sempra") on Claim 7 of his

Second Amended Complaint ("SAC"), alleging malicious prosecution. Sanchez

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ritchie also appeals the district court's dismissal of Claims 1–6 and 8 of his SAC alleging state law claims for trespass, conversion, intentional interference with prospective economic advantage, unjust enrichment, imposition of a constructive trust, abuse of process, and unfair business practices in violation of California Business & Professions Code § 17200 *et seq.* We affirm in part and reverse in part.

1. The district court erred in prematurely granting summary judgment to Sempra based on its *sua sponte* observation that Sanchez Ritchie had failed to allege that Sempra was responsible for the acts of its subsidiary Energia Costa Azul ("ECA"). Sanchez Ritchie did not prove, or even allege, that ECA was the alter ego of Sempra, beyond a bare allegation in the SAC that Sempra "controlled" ECA. But Sempra did not raise the alter ego issue in its motion for summary judgment or its motion to dismiss; it only argued broadly that Sempra was "Not Liable for Malicious Prosecution," a generic statement insufficient to raise the discrete alter ego issue.

Federal Rule of Civil Procedure 56(f) requires the court to give the parties "notice and a reasonable time to respond" if the court intends to grant summary judgment on grounds not raised by any party. The district court did not do that. It first raised the issue in its "tentative ruling" issued on September 1, 2015. That

was just two days before the scheduled hearing on Sempra's motion for summary judgment and three days before the district court issued its order granting summary judgment. That abbreviated time period was not sufficient to allow Sanchez Ritchie to address the complex factual and legal issue of whether ECA was the corporate alter ego of Sempra. Sanchez Ritchie's attorney stated at the summary judgment hearing that "I think that Rule 56 would require us to be allowed to meet [the corporate identity] question since it wasn't presented by Sempra in its motion, and accordingly, we would have sufficient time in which to respond." He also asked for a continuance to pursue evidence that Sempra controlled ECA "on a day-to-day basis." The district court erred in granting summary judgment to Sempra on the corporate identity theory without granting Sanchez Ritchie's requests for additional time to rebut it.[1]

2. We conclude, however, that the district court's procedural error on the alter ego issue was harmless, because the court correctly held in the alternative that no genuine issue of material fact existed regarding the merits of Sanchez Ritchie's malicious prosecution claim.

To prevail in a malicious prosecution action, a plaintiff must prove that: (1)

[1] To be clear, we express no opinion on whether Sempra is, in fact, liable for the alleged tortious acts of its subsidiary. We hold only that Sanchez Ritchie was entitled to a sufficient opportunity to prove that Sempra is so liable.

3

the defendant commenced a prior action, or directed its commencement, and pursued the action to a termination favorable to the plaintiff; (2) the defendant lacked probable cause to pursue the action; and (3) the defendant initiated the action with malice. *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 292 (2006) (citing *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989)). Sanchez Ritchie does not contest that a February 2007 order from the Second Criminal Court in Ensenada, Mexico, finding probable cause that Sanchez Ritchie had committed the crime of dispossession of real property ("*despojo*"), would ordinarily immunize Sempra from a malicious prosecution claim. He nevertheless proposes that the February 2007 order and earlier interim orders were obtained by "fraud or perjury," and therefore do not signify probable cause. *See Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 817 (2002).

In support of his fraud arguments, Sanchez Ritchie argues first that Sempra was aware as early as 2001 that he, as opposed to the sellers from whom Sempra purchased the property, was the rightful possessor of the property. For that proposition, Sanchez Ritchie relies on the factual findings from the March 10, 2010 Resolution of the Tenth District Court of Baja California. This argument fails. The findings suggest at most that Sempra knew there were two factions — one led by the sellers, Luis Armando Navarro Peña and Elodia Gomez Castañon,

4

and the other led by Sanchez Ritchie himself — each claiming ownership and possession of the property. "A litigant or attorney who possesses competent evidence to substantiate a legally cognizable claim for relief does not act tortiously by bringing the claim, even if also aware of evidence that will weigh against the claim." *Wilson*, 28 Cal. 4th at 822.

Sanchez Ritchie next proposes that Sempra was aware of Gomez Castañon's death at the time ECA pursued criminal charges against Sanchez Ritchie in 2006, and therefore was also aware that ECA's purchase of Fraccion A was bogus. Sanchez Ritchie offers no admissible support for this allegation. The declaration from Sanchez Ritchie's expert witness states only that ECA *should* have been aware of Gomez Castañon's untimely death, had the company done due diligence. If credited, that declaration proves at most that ECA was negligent in its title search, not that ECA actually discovered Gomez Castañon's death before filing its criminal complaint.[2]

Finally, Sanchez Ritchie proposes that Sempra knew that Navarro Peña and Gomez Castañon had unsuccessfully filed for a court order in 1999 seeking a

---

[2] Moreover, ECA purchased Fraccion B from Navarro Peña, not from Gomez Castañon. ECA therefore had an independent basis for pursuing *despojo* charges for trespasses occurring on Fraccion B, even if it had reason to know it did not have good title to Fraccion A.

declaration that they were the rightful possessors of Lot A-3, and that Sempra withheld such information from the attorney general's office. But Sanchez Ritchie's sole evidence that Sempra withheld knowledge of that unsuccessful application is that a document referencing the application was in Sempra's "business files" as of *2014*, when it was produced in this litigation. Sanchez Ritchie provides no evidence that Sempra knew of the order *in 2006*, when the criminal complaint was filed.

In sum, the evidence presented by Sanchez Ritchie is insufficient to create a genuine issue of material fact as to whether the interim orders issued in ECA's favor by the Mexican courts were obtained by fraud or perjury. We therefore affirm the district court's grant of summary judgment on Claim 7 of the SAC.

3. The district court did not err in dismissing Claims 1, 3, 4, 5, and 6 of the SAC based on the local action doctrine. Nor did the district court err in dismissing Claim 8 based on the litigation privilege conferred by California Civil Code § 47(b). The district court erred, however, in dismissing Claim 2 of the SAC, alleging conversion of Sanchez Ritchie's personal property.

The local action doctrine "vests exclusive jurisdiction over specified types of actions involving real property in the forum where that property is located." *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014).

6

"Under California law, there are three broad categories of local actions: (1) actions to recover or determine rights or interests in real property; (2) actions to remedy injuries to real property; and (3) actions to foreclose on liens and mortgages on real property." *Id.* at 950; *see also* Cal. Civ. Proc. Code § 392. With the exception of Claim 2, all of Sanchez Ritchie's first through sixth claims rest on his claim to ownership or possession of real property in Baja California and on Sempra's allegedly unlawful possession of that property.

Moreover, the bulk of Sanchez Ritchie's claims (including Claim 8, for abuse of process) are also barred by California Civil Code § 47(b), which provides that communications in any "(1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law" are privileged. That privilege extends to post-judgment acts necessarily related to the enforcement of an order procured by an allegedly wrongful communicative act. *See Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006). As most of the torts alleged by Sanchez Ritchie arise out of ECA's attempted post-judgment enforcement of a September 2006 preliminary order of eviction, they are barred by the litigation privilege.

Claim 2, however, is not barred by either the local action doctrine or the litigation privilege. Conversion of personal property, when stated as an independent cause of action, is generally considered a transitory rather than local

7

action.  *See Ellenwood v. Marietta Chair Co.*, 158 U.S. 105, 107–08 (1895); *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 450 (2d Cir. 2000).  And although ECA secured a court order in September 2006 evicting Sanchez Ritchie from the property, Sanchez Ritchie alleged in the SAC that the order did *not* authorize the taking of his personal property.  We conclude that the district court erred in dismissing Sanchez Ritchie's claim for conversion and therefore remand on this claim alone.[3]

For the foregoing reasons, we affirm the district court's grant of summary judgment to Sempra on Sanchez Ritchie's malicious prosecution claim, affirm the district court's dismissal of Claims 1, 3–6, and 8 of the SAC, and reverse the district court's dismissal of Sanchez Ritchie's claim for conversion.

**AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED.**  Each party shall bear its own costs on appeal.

---

[3] Sempra requests that we affirm the district court's dismissal of Claims 1–6 and 8 of the SAC on two alternative grounds, raising the Act of State Doctrine and the *Noerr-Pennington* Doctrine as affirmative defenses.  As the district court did not rule on either of these defenses, we decline to reach them.  Sempra may raise either or both of these defenses on remand.