RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0129p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

ALVA DINA TOBIAS-CHAVES; ANA MAVILIA
RAMOS-TOBIAS,

                                *Petitioners*,

v.

MERRICK B. GARLAND, Attorney General,

                                *Respondent*.

No. 20-4020

─────────────────

On Petition for Review from the Board of Immigration Appeals;
Nos. A 206 800 973; A 206-800-974.

Decided and Filed:  June 8, 2021

Before: GIBBONS, COOK, and DONALD, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Charles C. Nett, NETT IMMIGRATION LAW OFFICE, PLLC, Louisville, Kentucky, for Petitioners.  Timothy G. Hayes, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

## OPINION

─────────────────

JULIA SMITH GIBBONS, Circuit Judge.  Alva Tobias-Chaves and her daughter Ana Ramos-Tobias challenge the jurisdiction of the Immigration Court in Louisville, Kentucky, that denied their request for asylum in the United States.  Although there is little question that the Immigration Court in Memphis, Tennessee, violated procedural rules in transferring the proceeding to the newly opened Immigration Court in Louisville sua sponte, that violation was a procedural question relating to venue, not jurisdiction to hear the case.  In order to successfully

challenge a procedural error such as an improper change of venue, a petitioner must show prejudice. Tobias-Chaves failed to do so. Accordingly, we affirm the Board of Immigration Appeals.

I.

Tobias-Chaves and Ramos-Tobias traveled from their home in Honduras and entered the United States in June 2014, hoping to secure asylum and escape from Tobias-Chaves's abusive husband. The Department of Homeland Security initially filed charges against them in Houston, Texas, where the two were living at the time. The Houston Immigration Court attempted to send Tobias-Chaves a Notice to Appear at a hearing in October 2014, but because of a clerical error she never received the notice. The court conducted the hearing in abstentia and ordered the two women removed. In November 2016, Tobias-Chaves learned (and informed the courts) of the error and the removal order, and her case was reopened in Houston that April. Tobias-Chaves filed an application for asylum concurrently with her motion to reopen. Her case was then transferred to the Immigration Court in Memphis. At that time, there was no immigration court in Louisville, Kentucky, and so the Immigration Court in Memphis oversaw the Louisville cases, including Tobias-Chaves's, in what was informally known as the "Louisville, Kentucky docket."

An immigration court was created in Louisville in 2018, and control of the "Louisville docket" was transferred from Memphis to Louisville. Tobias-Chaves's case was included among the transferred cases. The Memphis court did not formally issue an order changing the venue to Louisville, and Tobias-Chaves was not given an opportunity to dispute the venue change.

The Immigration Court in Louisville held a hearing on Tobias-Chaves's reopened removal proceeding and her petition for asylum. Her attorney argued at that hearing that the Louisville court lacked jurisdiction because venue had never properly been transferred from Memphis. The immigration judge denied Tobias-Chaves's application for asylum and ordered her removed. The judge found Tobias-Chaves's testimony that her husband was abusive and that she feared returning to Honduras credible, but held that she had not demonstrated past persecution on account of a protected ground and ordered both women removed.

Tobias-Chaves appealed to the Board of Immigration Appeals ("BIA"). She again argued that the Immigration Court in Louisville lacked jurisdiction because of the deficiencies in the transfer of venue. The BIA affirmed the Immigration Court, holding in relevant part that the "sua sponte change of venue was, at most, harmless error." AR 5, BIA Decision. Tobias-Chaves lived only 75 miles from the Louisville DHS building, "as opposed to more than 400 miles from the Memphis" building. *Id.* She had, in fact, initially requested that venue be transferred to the Louisville docket of the Memphis court, because at the time of her motion to transfer, there was no immigration court in Louisville. Instead, petitioners who were physically in Louisville had their cases heard via videoconference by a Memphis Immigration Judge. Because she was not prejudiced by the transfer to the Louisville court, the BIA "affirm[ed] the Immigration Judge's decision to assume jurisdiction of [the] proceedings at the Louisville Immigration Court." *Id.*

## II.

The decisive question on appeal is whether venue is a jurisdictional issue in the Immigration Court. Tobias-Chaves argues in the affirmative, meaning that because the Immigration Court in Louisville was not the correct venue, it did not have jurisdiction to hear her case. The government agrees that venue was improper but argues that venue is a procedural—not a jurisdictional—regulation, meaning that "[Tobias-Chaves's] removal proceedings will be invalidated only [if] the violation prejudiced [her] interests." CA6 R.14, Resp. Br., at 11. We review legal questions such as this de novo. *Villages de la Paz v. Holder*, 640 F.3d 650, 655 (6th Cir. 2012).

There are two operative federal regulations that make clear that venue is not jurisdictional. The first, 8 C.F.R. § 1003.14, governs "[j]urisdiction and commencement of proceedings." It states that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." *Id.* § 1003.14(a). This regulation makes no mention of venue, nor does it indicate that jurisdiction vests exclusively in any one Immigration Court. True, it notes that "[w]hen an Immigration Judge has jurisdiction over an underlying proceeding, sole jurisdiction over applications for asylum shall lie with the Immigration Judge," *id.* at § 1003.14(b), but that simply makes clear

that only one Immigration Judge may oversee each proceeding, not that the first court that assumes responsibility for a case has sole jurisdiction to hear that case.

The second provision, 8 C.F.R. § 1003.20, governs "[c]hange of venue." It states that "[v]enue shall lie at the Immigration Court where jurisdiction vests pursuant to § 1003.14." 8 C.F.R. § 1003.20(a). It further provides that

> [t]he Immigration Judge, for good cause, may change venue only upon motion by one of the parties, after the charging document has been filed with the Immigration Court. The Immigration Judge may grant a change of venue only after the other party has been given notice and an opportunity to respond to the motion to change venue.

*Id.* at § 1003.20(b).

§ 1003.20(a) makes clear that venue is initially appropriate in the Immigration Court where the charging document was filed (because that is where jurisdiction vested). The fact that venue is appropriate there, however, does not suggest that jurisdiction is limited to any one Immigration Court. The regulations merely make clear that "jurisdiction vests … when a charging document is filed." *Id.* at § 1003.14(a). Not that jurisdiction vests *where* a charging document is filed.

The Immigration Court in Memphis did not follow § 1003.20(b) governing change of venue. Venue may only be transferred "upon motion by one of the parties." *Id.* at § 1003.20(b). It is undisputed that neither party in Tobias-Chaves's case moved for transfer. Louisville was not, therefore, the appropriate venue. However, Louisville did not lack jurisdiction.

This interpretation of the plain language is supported by our system's general understanding of the interaction between venue and jurisdiction. *See Still v. Rossville Crushed Stone Co.*, 370 F.2d 324, 325 (6th Cir. 1966) ("Jurisdiction is the power to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the convenience of the litigants.") (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 380 U.S. 165, 168 (1939)). There may be multiple courts that have subject matter jurisdiction over a case, and they are not limited to one place of proper venue. As in the immigration regulation, there is no mention of jurisdiction in the federal venue statute. 29 U.S.C. § 1391. Moreover, a party can

waive the issue of improper venue by failing to raise it in their first responsive pleading motion, but a party cannot waive the issue of subject matter jurisdiction. Fed. R. Civ. Pro. 12(h)(1). In the absence of a clear intention to depart from the standard practice of treating venue as a non-jurisdictional question concerned with convenience rather than a court's authority to hear a case, we decline to do so here.

We are further persuaded by the fact that the agency did not intend to limit jurisdiction to individual Immigration Courts. In 2007, the Department of Justice Executive Office for Immigration Review ("EOIR"), the body responsible for overseeing Immigration Courts, issued a proposed change to the rules governing jurisdiction and venue. Jurisdiction and Venue in Removal Proceedings, 72 Fed. Reg. 14494 (proposed March 28, 2007). Although the change was never finalized, the proposed rule is nonetheless instructive because its stated purpose was, in part, to "avoid any possible and unintended implication that jurisdiction over a case is limited to a particular immigration court." *Id.* at 14496.

Tobias-Chaves points to the language in the EOIR Operating Policies and Procedures Memorandum that "Immigration Judges may not sua sponte change venue," and argues that this makes clear that venue is a question of jurisdiction. CA6 R.38, Pet. Br., at 17. This language, however, only makes clear that it violates the court's procedural venue rules to change venue sua sponte, not that the new immigration court would lack jurisdiction to hear the case.

"[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. U.S. Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983). Because the Immigration Court in Memphis violated a procedural regulation, therefore, Tobias-Chaves must demonstrate prejudice. She has not argued on appeal that she suffered prejudice, and the immigration judge pointed out that her home is over 300 miles closer to the Louisville court than the Memphis one and that she initially requested the case be heard on the "Louisville, KY docket."

III.

Tobias-Chaves does not appeal the BIA's denial of her asylum request, she solely appeals the determination as to jurisdiction.  Because there is no indication in the text of the regulation that the agency intended to depart from the traditional rules governing venue and jurisdiction in other contexts, and because the agency itself has indicated that it did not intend the regulations to vest jurisdiction solely in one immigration court, we affirm the Board of Immigration Appeals.